**STATE of Missouri, Respondent,**

v.

**Kenneth HOOD and Ray Eugene Warren, Appellants.**

No. 46542.

Supreme Court of Missouri,

Division No. 1.

June 9, 1958.

No appearance for appellants.

John M. Dalton, Atty. Gen., James E. Conway, Asst. Atty. Gen., for respondent.

HOLLINGSWORTH, Presiding Judge.

■ Defendants, Kenneth Hood and Ray Eugene Warren, were jointly charged with and, upon joint trial by jury in the Circuit Court of Cole County, each was found guilty of robbery in the first degree and his punishment, separately assessed, was fixed at imprisonment in the State Penitentiary for a term of five years. They have jointly appealed from the sentences imposed upon them in accord with the verdict rendered. Neither defendant has furnished us with a brief and we therefore review the essential portions of the record, as required by S.Ct.Rule 28.02, 42 V.A.M.S., and the assignments of error validly set forth in their joint motion for directed judgments of acquittal and, in the alternative, their joint motion for new trial, as required by S.Ct.Rule 27.20, 42 V.A.M.S. State v. Dees, Mo., 276 S.W.2d 201, 203.

The evidence in behalf of the State justifies the following statement of facts:

On July 4, 1956, both defendants and one Alvin Shockley were inmates of the State Penitentiary. At about the hour of eight o'clock in the morning, Shockley was in the men's latrine, which was situate at one side and below the level of the prison yard. He started to leave by walking up a series of steps leading to the yard level, at which point he was confronted by both defendants. One of them, later identified by him as Hood, pushed something against Shockley's belly and said "Let's have that $15 commissary book." Shockley momentarily thought Hood was joking and watched his face. He felt something stick him and, looking down, saw that the object held by Hood against his belly was a knife resembling a bayonet. This placed Shockley in immediate fear of injury to his person and he offered no resistance. Again Hood said, "All right, let's have that $15 commissary book." At that moment, the other man, later identified by Shockley as Warren, stepped to Shockley's rear and against Shockley's will forcibly took from his right hip pocket two Missouri Penitentiary coupon books owned by him. In one of them were coupons of the value of fifty cents and in the other were coupons of the value of $4.50 at the prison commissary. After Warren had taken the books from Shockley's pocket, Hood asked Warren, "Have you got it, Mac?" Warren replied, "Yes." Thereupon both Hood and Warren ran to Shockley's rear. Shockley started to run to the yardmaster's office and, in turning to the left, at the head of the steps, saw both defendants "going out the back way from the men's latrine." Upon arrival at the yardmaster's office, Shockley reported the robbery to the guards there on duty, Benjamin Scott and Rudolph Viet. At that instant, Shockley saw both defendants going "away from the yardmaster's shack." He pointed them out to the guards in the office and those officers started in pursuit of them. When defendants saw the officers approaching, they ran across the prison yard.

The weather on the day of the robbery was fair and mild, but it had rained the day before and the yard was very muddy. Warren was seen to run across the yard and through "a bunch of men" and was captured as he came around the commissary. In running across the yard, his feet had thrown mud upon the back of his shirt. Viet saw Hood jam something into the ground as he ran across the yard and "stomp it down" with his foot. Viet went to that place and there pulled a knife out of the ground. Herbert Elliott, a prison employee, who was "on the yard" at the time of the episode, saw Hood and Warren as they ran across it and was able to and did recognize them. Elliott joined in the chase. Viet or Scott captured Hood. His clothing was also muddy. John Stieferman, a guard, was on duty at his station atop the clubhouse. He was well acquainted with Warren and knew Hood by name and sight. He saw Hood and Warren run across the muddy yard and "split up" at the clubhouse, but thereafter kept both of them in sight at all times until both were captured. After their capture, Shockley

positively identified both Hood and Warren as the men who had held him up.

In behalf of the defendants, Frank De-Ford and William Crouch, both inmates of the penitentiary on the date of the robbery, testified that defendant Hood was a good friend of theirs; that Hood was in their company and presence during the entire morning from shortly after breakfast until he was arrested; and that he could not have engaged in the robbery. Bob Capps, also an inmate of the penitentiary, testified in behalf of defendants that he knew defendant Warren, talked and visited with him that morning, and that Warren did not participate in the robbery. Ozell Shumate, also an inmate of the penitentiary, testified in behalf of defendants that he knew both Hood and Warren; that he witnessed the robbery of Shockley by two men, neither of whom was Hood or Warren. Loyal Francis Whitney, also an inmate of the penitentiary, testified in behalf of defendants that he and another inmate, whose name he refused to reveal, actually committed the robbery committed upon Shockley. Both defendants testified that they had no connection whatever with the robbery.

On cross-examination of defendants and the witnesses testifying in their behalf, the prosecuting attorney, over objection of defendants, was permitted to elicit from each of those witnesses the specific crime or crimes of which he had been convicted. In so ruling, the court permitted the prosecuting attorney to develop, as proper matter affecting the credibility of each witness, the general nature, but not the details, of each such crime or crimes of which he had been convicted and the punishment assessed against him for each offense.

■ The joint motion for a directed verdict of acquittal of each of the defendants is predicated upon the alleged lack of competent, credible and substantial evidence that the offense charged in the information was committed by defendants or any one else. Two similar assignments are set forth in the alternative motion for new trial.

The information, substantially in form by this court many times approved, charged that in Cole County, Missouri, on July 4, 1956, the defendants "in and upon one Alvin Shockley did make an assault and two Missouri State Penitentiary Commissary Coupon Books, of the reasonable value of $4.50, the property of the said Alvin Shockley, from the person of the said Alvin Shockley and in his presence and against his will, then and there by violence to his person and then and there by putting him, the said Alvin Shockley, in fear of some immediate injury to his person, feloniously did rob, steal, take and carry away, * * *." It definitely contains all of the essentials of robbery in the first degree, as defined in Section 560.120 RSMo 1949, V.A.M.S. State v. Parker, 262 Mo. 169, 170 S.W. 1121, 1123, L.R.A. 1915C, 121; State v. Yates, Mo., 252 S.W. 641, 644; State v. Churchill, Mo., 299 S.W.2d 475, 479. The robbery of Shockley, in the manner set forth in the information, by two persons is shown not only by the testimony of Shockley but also by defendant's witness, Loyal Francis Whitney. Shockley positively identified defendants as the perpetrators of the crime. Elliott and Stieferman saw them running across the muddy yard and recognized both of them. Each defendant, testifying in his own behalf, limited his testimony to a mere denial of participation in the robbery. The evidence clearly made a submissible jury issue of their being the perpetrators. The motion was properly denied.

■ The motion for new trial also assigns error "in permitting the Prosecuting Attorney to elicit from defense witnesses DeFord, Crouch, Capps, Shumate and Whitney, all of whom testified on direct examination that at all times material in this cause they were convicted felons serving sentences in the Missouri State Penitentiary, testimony as to the exact nature of previous convictions and as to the crimes for the convictions of which they were

serving said sentences." Under the provisions of Section 491.050 RSMo 1949, V.A.M.S., "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, * * *." The court complied literally with the statute and properly limited the examination of each of the witnesses on that score in the manner heretofore approved by this court. State v. McBride, Mo., 231 S.W. 592, 593–594; State v. Hacker, Mo., 214 S.W.2d 413, 416. The assignment is overruled.

■ The motion for new trial also assigns error "in permitting the Prosecuting Attorney, over objection of defendants, to comment upon defendants' failure to explain or state when on the witness stand their activities and movements at or about the time of the commission of the offense, if any, charged in the Information." When the defendants took the witness stand in their own defense, their failure to testify to any specific fact in issue was a legitimate subject of comment by the State. State v. Stidham, Mo., 305 S.W.2d 7, 18. The assignment is overruled.

■ The remaining assignments that the "verdict is against the weight of the competent, credible and legal evidence in the case" and "against the evidence and the law under the evidence" are general assignments. They point to no specific error and present nothing for review. S.Ct.Rule 27.-20, 42 V.A.M.S.; State v. Mace, Mo., 295 S.W.2d 99, 103.

■ The record shows the due arraignment of each defendant but fails to show that either of them entered a plea of not guilty. They, however, were tried as if each had entered such a plea when arraigned. Under such circumstances, the failure of the record to show a plea of not guilty does not constitute reversible error. S.Ct.Rule 25.04, 42 V.A.M.S.

The verdict is responsive to the issues and is in due form. The record also shows that both defendants with their counsel were present at all trial and after-trial proceedings and that prior to sentence each defendant was accorded allocution; and that the judgment is in conformity with the verdict.

The judgments are affirmed.

All concur.