**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Larry D. MURPHY,
Defendant/Appellant.**

No. 52092.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 3, 1987.

Melinda K. Pendergraph, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

KAROHL, Presiding Judge.

Defendant appeals a conviction and sentence following a jury verdict of guilty on the charge of burglary in the second degree, Section 569.170 RSMo 1986. The indictment charged that defendant and Charles S. Yates committed burglary in the second degree on October 6, 1985 when they unlawfully entered a building possessed by American Industrial Supply for the purpose of stealing therein. Defendant was sentenced as a prior and persistent offender to serve ten years. We affirm.

By his brief and argument defendant claims (1) He was entitled to a judgment of acquittal as a matter of law because the circumstantial evidence was insufficient to support the verdict; (2) As a matter of preserved error the trial court denied defendant a full panel of fair and impartial jurors by refusing to strike a venireperson for cause; and, (3) As a matter of plain error defendant was denied a fair and impartial trial when the state was permitted to argue that the jury should convict in order to prevent defendant from committing future burglaries.

I.

We find that the state offered sufficient circumstantial evidence to support the verdict of the jury. In view of the verdict, the state is entitled to a consideration of "the evidence in the light most favorable to the state, together with all reasonable inferences to be drawn therefrom." *State v. Guinan*, 665 S.W.2d 325, 327 (Mo. banc 1984), *cert. denied* 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). All contrary evidence and inferences will be disregarded. *State v. Williams*, 623 S.W.2d 552, 553 (Mo 1981). This includes any evidence offered by the defendant inconsistent with evidence offered by the state. Nevertheless, to sustain a conviction, the state must prove defendant affirmatively participated in the crime. *State v. Mendoza*, 661 S.W. 2d 672, 674 (Mo.App.1983). Affirmative participation may be shown by circumstantial evidence, and proof of any form of affirmative participation in the crime is sufficient to support conviction. *Id.*

In this case the state's evidence against defendant was entirely circumstantial. Accordingly, the facts and circumstances must be consistent with each other and with the hypothesis of a defendant's guilt, and inconsistent with any reasonable theory of innocence. *State v. Lumsden*, 589 S.W.2d 226, 227 (Mo. banc 1979), *cert. denied* 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980). However, the circumstances need not be absolutely conclusive of guilt nor demonstrate an impossibility of innocence. *State v. Puckett*, 611 S.W.2d 242, 245 (Mo.App.1980). Because the jury is entitled to disbelieve any evidence offered by defendant we review sufficiency of circumstantial evidence without weighing or comparing defendant's evidence of innocence with the state's evidence of guilt.

Stated affirmatively, our review is limited to consideration of whether there is sufficient evidence from which reasonable persons could conclude that the defendant is guilty. *State v. Wilson*, 645 S.W.2d 372, 373 (Mo.1983).

■ The state offered testimonial evidence of Officer Barbara Panos. She observed a light colored Ford automobile in an isolated business district on Sunday evening, October 6, 1985. Two minutes after the first sighting she again saw the same or a similar car parked with its trunk open in an alley at the rear loading dock of American Industrial Supply. Three or four minutes thereafter she stopped the driver of this vehicle one block east of the loading dock because the automobile was moving without headlights. She arrested Charles Yates for operating without headlights and failing to have a valid operator's license. She noticed a portable television in the back seat. As part of an inventory search she found power hand tools and an electric typewriter in the trunk. Defendant was not present, but the vehicle belonged to defendant.

Officer Gary Stittum came to the scene in answer to a call for assistance. He then went to American Industrial Supply where he found the door ajar. He found two cases of oil and a space heater placed on the loading dock. He observed that someone had pushed open a window on the east side of the building, breaking the wire mesh and plywood. Inside he found a storage cabinet pried open. He also found several desks and a safe in disarray.

A fingerprint was lifted from the top of the space heater found on the loading dock. It matched the defendant's fingerprint.

William Johnson, Vice-president of American Industrial Supply, testified that the space heater was always kept inside the building, never outside. It was used in a conference room of the office inside the building. On the day in question, the company building, including the warehouse and loading area, was closed to the public. Neither defendant nor Charles Yates had permission to enter the building or be on the dock at any time prior to or on October 6, 1985.

This evidence connected defendant to the burglary by the presence of his automobile and his fingerprint on the space heater. A person is responsible for the conduct of another when "either before or during the commission of an offense, with the purpose of promoting the commission of an offense, he aids or agrees to aid such other person in planning, committing, or attempting to commit the offense." Section 562.041.1(2) RSMo 1986. The jury was instructed that defendant was responsible for his own conduct and the conduct of Yates, and was guilty of the offense, if it found that Yates 1) unlawfully entered the building on October 6, 1985; 2) for the purpose of the crime of stealing; and 3) that defendant acted together with Yates in committing the offense.

Defendant's evidence consisted of the testimony of his nephew. Clifford Murphy testified that he and defendant were at their home playing chess on Sunday evening, October 6, 1985, when Charles Yates came to their home and attempted to sell a space heater to defendant. The inference is that this fully explained the fingerprint. However, the jury was entitled to believe or reject this testimony. *State v. Bailey*, 651 S.W.2d 599, 601 (Mo.App.1983). By their verdict they obviously did not agree with defendant's explanation.

■ Defendant also claims that there was no evidence to support a finding that he entered the building. Even if true, the state had no burden to prove actual entry where the charge was that defendant acted with Yates and the jury found that Yates entered the building. The argument fails for the further reason that the fingerprint was found upon an item kept inside the building. The focus is not where the item was found, but rather where it was last lawfully possessed. See, e.g., *State v. Hill*, 693 S.W.2d 151, 155 (Mo.App.1985). State's witness Johnson testified that the heater was stored inside and neither Yates nor defendant had a right or permission to be either inside the building or on the loading area. When cumulatively viewed, the

state's evidence was sufficient to permit the jury to infer that Yates, who was found in possession of the recently stolen property near the location of American Industrial Supply, entered the building with the intent to commit the crime of stealing therein. Moreover, the jury could find that defendant participated in this crime since his fingerprint was found on an item which was moved from inside to outside the building onto the loading dock. Accordingly, defendant's first point is denied.

## II.

■ Defendant is entitled to a full panel of qualified jurors before he is required to make peremptory challenges. *State v. Smith,* 649 S.W.2d 417, 422 (Mo. banc 1983), *cert. denied* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983). In ruling on a challenge for cause, the trial court has wide discretion in evaluating the qualifications of venirepersons and its ruling will not be disturbed in the absence of a clear abuse of discretion. *State v. Treadway,* 558 S.W.2d 646, 649 (Mo. banc 1977), *cert. denied* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed. 2d 135 (1978). Where the decision turns on the demeanor of the venireperson, as well as what he says, we defer to the decision of the trial court. *See State v. Treadway,* 558 S.W.2d at 649. Qualifications of an individual venireperson are determined based upon the entire examination of the juror. *State v. Garrett,* 627 S.W.2d 635, 642 (Mo. banc 1982) *cert. denied* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). In reviewing for abuse of discretion on such rulings, more than a bare possibility of prejudice is required to justify intervention on appeal. It must appear from the entire examination that the challenged venireperson was in fact prejudiced, *State v. Cheesebrew,* 575 S.W.2d 218, 221 (Mo.App.1978), or, that the ability of the venireperson to serve as an impartial juror remains "questionable." *State v. Stewart,* 692 S.W.2d 295, 299 (Mo. banc 1985). Where a venireperson expresses apprehension or doubt regarding the ability to be fair and impartial, a clear and unequivocal commitment to disregard prior experiences or personal feelings may justify a refusal to excuse a juror. *State v. Hopkins,* 687 S.W.2d 188, 191 (Mo. banc 1985).

This issue involves venireperson Hanley. Six years before defendant's trial she was struck in the head with a pistol and robbed. When asked whether that experience would interfere with her ability to sit as a juror she responded, "I couldn't say." When asked whether she could "close that out of (her) mind completely?", she said she was *sure* that she could. [her word—our emphasis]

■ We first note that the venireperson was the victim of the crime of robbery, not burglary. Second, she unequivocally stated that her experience would not influence her ability to be a fair and impartial juror. This was held to be the key in *State v. Johnson,* 722 S.W.2d 62 (Mo. banc 1986) which rejected this claim of error. In *Hopkins,* 687 S.W.2d 188 the court reversed for the absence of such assurance. Third, the fact that a potential juror was once a victim (of a different crime) does not, by itself, automatically require excusal of a venireperson for cause. *State v. Eaton,* 504 S.W. 2d 12, 17–18 (Mo.1973). We do not find *State v. Land,* 478 S.W.2d 290 (Mo.1972), cited by defendant persuasive. In *Land,* a remand was the result, but the venireperson, not dismissed for cause, had been the victim of two armed robberies and the subject for trial was a first degree robbery prosecution.

■ Defendant also raised a further objection to venireperson Hanley, claiming that "she expressed reservations about appellant's right not to testify." In *Stewart,* 692 S.W.2d at 299, our Supreme Court reversed and remanded for a new trial on a similar challenge. We distinguish the present case from *Stewart* on the facts. Venireperson Hanley was asked whether she would "hold it against (defendant) if he did not take the stand and testify?" Her first response was that she didn't know whether she would or not. Her second response was she "really (didn't) know how to answer that question." She was also asked by defense counsel "would you penalize him because I decided he should not

testify?" Her answer was an unequivocal "no." The trial court noted for the record that during this questioning he "observed her very closely." The trial court further observed that she originally was hesitant and confused, but her final answer was not disqualifying. In *Stewart,* venireperson Thompson was never rehabilitated. She was asked whether she would hold it against the defendant if he did not testify and she gave the answer, "It depends. He has to have the opportunity to do so, and if it were I and things looked against me, I would choose to do so. You get what I mean?" *Stewart,* 692 S.W.2d at 299. "Mrs. Thompson never unequivocally stated that she would draw any inference of guilt from defendant's failure to testify." *Id.* In rejecting the claim we note the admonition of Judge Blackmar of our Supreme Court given in *State v. Hopkins,* 687 S.W.2d at 191 and adopted by the same court in *State v. Stewart,* 692 S.W.2d at 299, that there is wisdom in trial judges' erring on the side of caution in ruling on challenges for cause in criminal cases where a replacement can easily be obtained for a prospective juror of doubtful qualifications.

Consequently, we find no abuse of discretion in rejecting a challenge for cause on the ground that venireperson Hanley was the victim of a prior robbery or on the ground she might draw an adverse inference if defendant did not testify. She ultimately and unequivocally removed these concerns by her answers. Point II denied.

### III.

Appellant's final claim of error is that the trial court committed plain error in failing to object, sua sponte, to portions of the prosecutor's closing argument. This claim was not preserved by trial court objection or in defendant's motion for new trial. We can review only for plain error. Rule 30.20. Under these circumstances defendant carries a burden to show not only error, but also that the error affected substantial rights resulting in manifest injustice. Rule 29.12(b).

Among other things the prosecutor argued that a verdict of not guilty would say to the community "and this guy, it will certainly say to this man, 'go on burglarizing out there, and do what you do, go on out there and break in, open the loading docks in the rear of a building so you can get out, and pull down the metal trim on the outside of the building'." The prosecutor also argued that "We don't need (burglary) in this town. We don't need the burglary; and we don't need Larry Dennis Murphy committing burglary. And you really, really need to put a stop to it."

Where there is timely and proper objection to closing argument the trial court has broad discretion in ruling on such objections and wide latitude will be accorded counsel in their summations. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982), *reh'g denied* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982). A conviction will be reversed for improper argument only if it is established that the complained of comments had a decisive effect on the jury's determination, *Id.; State v. Murphy,* 592 S.W.2d 727, 732–733 (Mo. banc 1979), or where the argument is plainly unwarranted. *State v. Armbruster,* 641 S.W.2d 763, 766 (Mo. 1982). Finally, when as in this case, complained of remarks come in the rebuttal portion of argument by the state, the trial court may consider whether the argument was invited. A prosecuting attorney may go further by way of retaliation in answering the argument of defense counsel than would be permitted in first instance. *State v. Hammond,* 578 S.W.2d 288, 290 (Mo. App.1979).

We find the argument not to be a matter of plain error which resulted in a manifest injustice. *See State v. Davis,* 684 S.W.2d 38, 44 (Mo.App.1984). "It is permissible for the state to argue the necessity for law enforcement and to ask for severe penalty as a deterrent to others, ... and argue both the prevalence of the crime in the community and for the personal safety of its inhabitants ... And that conviction of defendant is part of the jury's duty to

prevent crime ..." *State v. Olds*, 603 S.W. 2d 501, 511 (Mo. banc 1980).

The argument was in part directed at the need for law enforcement as approved in *Olds*. It was in part a response to defendant's argument which concluded the jury had a duty to find the defendant not guilty. To that extent it was invited. Unfortunately, it also appealed to the jury to convict so as to prevent this defendant from committing future burglaries. This argument was, of course, not based upon evidence nor can it be justified by a claim of invitation or as a call for legitimate law enforcement. This part of the argument was improper and subject to objection. But no objection was made and we find no manifest injustice resulted. *See State v. Davis*, 684 S.W.2d at 44. We are not persuaded that this argument had a decisive impact on the jury's determination. Point denied.

We affirm.

KELLY and SMITH, JJ., concur.