STATE of Missouri, Respondent,

v.

Edward LIGHT, Appellant.

Edward LIGHT, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 62243, 63984.

Missouri Court of Appeals,
Eastern District, Division Two.

Jan. 4, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 3, 1994.

Application to Transfer Denied
March 22, 1994.

Henry B. Robertson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant was convicted after a jury trial of forcible rape, forcible sodomy, attempted sodomy, burglary in the first degree, robbery in the first degree and kidnapping. He was sentenced as a Class X offender to four consecutive life terms and two consecutive fifteen year terms of imprisonment. The direct appeal is consolidated with defendant's appeal of the denial without an evidentiary hearing of his Rule 29.15 motion. We affirm.

The evidence supporting the verdicts reveals in May, 1991, M.R. lived at Lindell Towers Apartments. This apartment complex consists of two buildings, one East, one West. M.R. lived in the East building. On May 30, 1991, M.R. was sunbathing alone on a sun deck on the fourteenth floor of the West Building of Lindell Towers, when defendant entered the sun deck. He told her he had a gun in a bag he was carrying and demanded that she take him to her apartment. She complied.

In her apartment, he closed and locked the door, and disconnected the phone. He instructed M.R. to place her TV, VCR, CD player and her stereo in the middle of the floor. He also told M.R. to point out which car was hers in the parking lot. He ordered her to remove her clothes. He tied her up with a telephone cord and gagged her. He then took her keys and left her apartment with her TV, VCR and CD.

When defendant returned he untied her and forced her to engage in acts of oral sex and intercourse. He attempted anal intercourse. He re-tied and re-gagged her and left the apartment. She eventually freed herself and sought help. On this evidence the jury found defendant guilty of all six charges.

■ On appeal, defendant argues the trial court erred in not striking a venireman for cause because the venireman failed to give an unequivocal answer as to whether he could set aside his past experience of being a robbery victim if he were chosen to serve as a juror. Defendant peremptorily struck this venireman. The trial court overruled the motion for cause. It found the venireman said he could follow instructions of the Court, he could be fair and find the facts as he believed them to be.

■ Defendant is entitled to a full panel of qualified jurors before he is required to make peremptory challenges. Section 494.-480.4 RSMo Supp.1992 [1]; *See also State v. Murphy,* 739 S.W.2d 565, 569 (Mo.App.1987). In ruling on a challenge for cause, the trial court has wide discretion in evaluating the qualifications of venirepersons and its ruling will not be disturbed in the absence of a clear abuse of discretion. *Id.* Qualifications of an individual venireperson are determined based upon the entire examination of the juror. *Id.* It must appear from the entire examination that the challenged venireperson was in fact prejudiced. *Id.* In order to be struck for cause, a venireperson's beliefs must impair that person's ability to follow instructions. *State v. Plummer,* 860 S.W.2d 340, 348 (Mo.App.1993).

The venireman in question had been the victim of an armed robbery thirteen years prior. When asked whether the experience would cause him to lean toward a finding of guilty, the venireman replied, "No, I don't think so." The prosecutor continued, "Do you think you can decide whether [defendant] is guilty or not guilty based on the evidence you have in the instant?" The venireman replied, "Yes."

---

1. Recently, Section 494.480 was amended effective August 28, 1993. The amendment deletes the portion of the statute which stated that peremptory challenges will be made "from the list of jurors found by the court qualified to serve in the case" and added "The qualifications of a juror on the panel from which peremptory challenges by the defense are made shall not constitute a ground for the granting of a motion for new trial or the reversal of a conviction or sentence unless such juror served upon the jury at the defendant's trial and participated in the verdict rendered against the defendant." The State urges us to apply this new law retroactively thereby dismissing defendant's first point. However, such analysis is unnecessary in this case.

Later, the defense counsel asked if it was possible that the venireman's past experience could enter into his decision making in this case. He answered, "No, I don't think so." She continued, "So you feel that you can take this case, the facts separate on this, and keep it totally separate from what happened to you in the past?" to which the venireman answered, "I think so." Defense counsel further probed, "But you are not positive. You're saying 'I think so'." The venireman answered "If I'm looking at all the facts I think I could." Finally, she asked, "Do you feel that there's a possibility it could enter into it?", to which the venireman answered, "There's a possibility."

■ Defendant contends the last answer was disqualifying. Answers of this kind do not necessarily render a venireperson unqualified to be a juror. *Schwer, supra,* at 262. The question of whether the experience could be entirely put out of a venireperson's mind is not decisive. The test is whether that experience would produce bias or prejudice against the defendant on trial. *Id.* Reviewing the entire examination, we find consistent answers that the venireman could put past experience behind him and follow the law in the case by looking only at the facts in the case at hand. Although some of his answers were in the form of "I think," in context they were not equivocal. Prospective jurors often use such vernacular expressions rather that speaking in absolutes. *Plummer, supra,* at 349; *State v. Mercer,* 618 S.W.2d 1, 7 (Mo. banc 1981), *cert. denied,* 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981); *State v. Schwer,* 757 S.W.2d 258, 263 (Mo.App.1988). The trial court did not err in denying defendant's motion to strike for cause.

■ Defendant next asserts the trial court erred in overruling defendant's objections to cross examination of defendant about details of prior robbery and stealing convictions. Defendant contends the trial court allowed the State to go beyond the provisions of Section 491.050 RSMo 1986 which allows reference to prior criminal convictions for the limited purpose of a determination of the defendant's credibility.

Anticipating this inquiry, counsel objected to the State questioning defendant in detail about his prior convictions. The trial court ruled the State could cross examine defendant on his prior convictions including questions on the gender of victims but prohibited the State from inquiring into details of the particular offense.

On direct examination, defendant testified he had been convicted of robbery and two separate counts of stealing from a person. He stated he had received two, three year concurrent sentences on two counts of stealing from a person in 1980 and twelve years' imprisonment on a robbery first degree in 1984. On cross examination, the state also questioned him about his prior convictions. The prosecutor asked defendant if he had pled guilty to the particular crimes and the exact dates and locations of the convictions. The State also questioned defendant in the following manner:

[State]: And you, that was a robbery of a woman, was it not?

[Defendant]: Security guard.

[State]: A male or female?

[Defendant]: I don't recall at the time. Because she looked like a man ... but I found out later on through the reports it was a female. She tried to choke me out from the back because because [sic] I was stealing and she was guarding the premises.

\*　　\*　　\*　　\*　　\*　　\*

[State]: The Stealing From a Person ... that was a stealing from the person of a woman; was it not?

[Defendant]: I believe one of them was.

[State]: One of them, meaning one of those two Stealings From a Person, correct?

[Defendant]: Yes.

[State]: Because the other one was where you had stolen from the person of a man in the first incident....

[Defendant]: Yes.

Defendant complains the State elicited this testimony in order to establish defendant had a pattern of preying on women.

■ Section 491.050 confers an express right on the state to show prior convictions

and the nature and kind thereof for the purposes of impeachment, or to affect credibility. *State v. Phelps*, 677 S.W.2d 418, 420 (Mo.App.1984). The limitation on cross examination is to prevent the cross examiner from delving into the details of the crime leading to prior convictions. "It is permissible, however, to elicit the nature, dates and places of the occurrence and the sentences resulting therefrom." *State v. Lane*, 613 S.W.2d 669, 679 (Mo.App.1981). In literary terms who, what, when and where are in order but why and how are not. *State v. Silcox*, 694 S.W.2d 755, 757 (Mo.App.1985).

We find no error in allowing cross examination which included the gender of prior victims. This is permissible within the "who" category. The State did not elicit more than the gender of victims, dates and locations of the prior crimes. Questions as to gender were permissible as long as the State did not elicit details about how or why the crimes took place. Moreover, if the State were attempting to establish a pattern of preying on women, that did not happen because not all of defendant's prior victims were women. This point is denied.

■ Defendant also appeals the denial of Rule 29.15 relief without an evidentiary hearing. He contends the motion court erred in overruling his motion because he alleged facts which established his counsel's trial conduct was ineffective in that she failed to seek a new trial after defendant informed her that a juror had violated the ban on outside communication about the case. Defendant alleged his trial counsel failed to request a mistrial after defendant informed her that a juror had viewed defendant in the hallway, handcuffed and shackled, during a break in the jury's deliberations and stated to defendant "I think they got you."

■ To be entitled to an evidentiary hearing in a post conviction proceeding, defendant must allege facts, not conclusions, which if true would warrant relief, those facts must not be refuted by the record, and matters complained of must have resulted in prejudice to the defendant. *State v. McCauley*, 831 S.W.2d 741, 743 (Mo.App.1992).

■ To establish ineffective assistance of counsel, movant must show both (1) that his attorney failed to conform his representation to the degree of skill, care and diligence of a reasonably competent attorney under similar circumstances; and (2) that through such failure movant was prejudiced. *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo. App.1984). In determining ineffective assistance of counsel, a motion court and this court may proceed to the issue of prejudice without first determining whether counsel's conduct was deficient. *Meade v. State*, 779 S.W.2d 659, 661 (Mo.App.1989). Where it is alleged that counsel was deficient for failing to ask for a mistrial, this prejudice must go beyond a mere error or mistake in trial strategy or judgment and be of such character as to result in a substantial deprivation of the right to a fair trial. *Id.* This can be demonstrated by showing that a mistrial would have been granted by the court had one been requested. *Id.*

■ Defendant argues he would have been entitled to a mistrial pursuant to § 547.-020 RSMo 1986 which provides the trial court may grant a new trial when a juror has been guilty of any misconduct tending to prevent fair and due consideration of the case. In determining whether juror misconduct warrants a mistrial, the relevant question is whether the defendant was prejudiced or whether the juror was subjected to any improper influence. *State v. Edmundson*, 461 S.W.2d 713, 724 (Mo.1971).

Assuming movant's allegations as true, they do not allege any improper communication took place between a juror and another which prevented fair and due consideration of the case or that the defendant was prejudiced. This comment was made to defendant after the jurors had sent back a note to the judge stating they had reached a verdict on five of the six counts. No questions were asked by the juror nor was there any exchange of information which took place. Defendant has not alleged that this juror discussed this incident with any of the other jurors or any non-juror. Defendant has not alleged any facts which would have entitled him to a mistrial. Counsel's conduct in not

formally moving for a mistrial could not have been ineffective assistance.

Judgment affirmed.

CRANE, P.J., and CRAHAN, J., concur.