R.L., Respondent,

v.

STATE OF MISSOURI DEPARTMENT OF CORRECTIONS, Appellant.

No. SC 88644.

Supreme Court of Missouri, En Banc.

Feb. 19, 2008.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ryan Bertels, Asst. Atty. Gen., Jefferson City, MO, for Appellant.

C. John Pleban, Lynette M. Petruska, St. Louis, MO, for Respondent.

RICHARD B. TEITELMAN, Judge.

The Missouri Department of Corrections appeals from a judgment declaring that section 566.147, RSMo 2006, is an unconstitutional retrospective law under article I, section 13 of the Missouri Constitution. The judgment is affirmed.

## FACTS

In December 2005, R.L. pled guilty to attempted enticement of a child in violation of 566.151, RSMo 2000. He received a three-year suspended execution of sentence, was placed on probation for five years, and was required to register as a sex offender. At the time R.L. pled guilty, there was no provision in Missouri law restricting where he could live based upon his status as a sex offender. R.L. has resided at his current residence since 1997. A grade school is within 1,000 feet of this

residence. The school has been at that location since 1988.

In June 2006, section 566.147, RSMo Supp.2006, became effective, so that those convicted of attempted enticement of a child and similar crimes against minors were prohibited from residing "within one thousand feet of a public school as defined in section 160.011, RSMo, or any private school giving instruction in a grade or grades not higher than the twelfth grade, or a child-care facility as defined in section 210.201, RSMo, which is in existence at the time the individual begins to reside at the location."

The department of corrections informed R.L. that pursuant to the new residency restrictions in 566.147, he was committing a felony by residing within 1,000 feet of a school and that he needed to establish a plan to relocate. The department further informed R.L. that he could be subject to prosecution if he did not move.

R.L. filed a petition for preliminary and permanent injunction and a petition for declaratory judgment in the circuit court of Cole County. The circuit court declared that section 566.147, RSMo Supp.2006, is an unconstitutional retrospective law with respect to R.L. and other similarly situated registered sex offenders who already resided within 1,000 feet of a school or child care facility at the time of the 2006 amendment.[1] The Department of Corrections appeals.

### ANALYSIS

■ The constitutional bar on retrospective civil laws has been a part of Missouri law since this State adopted its first constitution in 1820. *Doe v. Phillips*, 194 S.W.3d 833, 850 (Mo. banc 2006). The 1875 constitutional debates note the constitutional bar on retrospective laws is broader than the ex post facto bars in other states. *Id.*, citing, Debates of the Missouri Constitutional Convention 1875, vol. IV at 95 (Isidor Loeb & Floyd C. Shoemaker, eds., State Historical Soc'y of Mo., 1938). In interpreting Missouri's broad constitutional prohibition of retrospective laws, this Court established the following framework for analysis:

> A retrospective law is one which creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past. It must give to something already done a different effect from that which it had when it transpired.

*Squaw Creek Drainage Dist. v. Turney,* 235 Mo. 80, 138 S.W. 12, 16 (1911).

In *Doe v. Phillips,* 194 S.W.3d at 850, the Court applied the foregoing principles to hold that a law requiring registration as a sex offender for an offense that occurred prior to the registration law's effective date was an invalid retrospective law in violation of article I, section 13 of the Missouri Constitution. The registration requirement was invalid because when Doe pled guilty, he had no obligation to register and his duty to register stemmed only from a subsequent change in the law. *Id.*

■ The same long-standing principles applied in *Phillips* apply in this case. As with the registration requirements in *Phillips*, the residency restrictions at issue in this case impose a new obligation upon R.L. and those similarly situated by requiring them to change their place of residence based solely upon offenses committed prior to enactment of the statute.

---

1. The court also found that the new residency restrictions constituted an invalid ex post facto law and violated equal protection and due process guarantees. The circuit court determined correctly that the law violated article I, section 13; therefore, it is unnecessary to address the court's alternative findings.

Attaching new obligations to past conduct in this manner violates the bar on retrospective laws set forth in article I, section 13.

The judgment is affirmed.

All concur.