**STATE of Missouri, Respondent,**

v.

**William D. HOLDEN, Appellant.**

**No. SC 89635.**

Supreme Court of Missouri,
En Banc.

March 17, 2009.

---

Irene Karms, Office of Public Defender, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Shaun J. Mackelprang, Daniel N. McPherson, Office of Missouri Atty. Gen., Johnny Richardson, Gregory Mitchell, Brydon Swearengen & England, P.C., Jefferson City, MO, Anthony Soukenik, Keith D. Price, Sandberg, Phoenix & von Gontard, P.C., St. Louis, MO, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

William Holden pled guilty to two counts of sodomy with a child under the age of fourteen years in 1995. When Holden was released in 2001, he began complying with the registration requirements for sexual offenders pursuant to sections 589.400 [1] *et seq.* In 2007, Holden was charged with failing to register a change of address within ten days pursuant to section 589.414.[2] The jury found Holden guilty, and Holden was sentenced to four years.

Holden appeals this judgment and argues that section 589.414 is unconstitutional as a retrospective law because he committed the underlying offense prior to the effective date of the statute. He further argues that the state failed to disclose twenty-three registration forms in violation of Rule 25.03(c) and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Lastly, Holden argues that the trial court erred in admitting the initial registration form without redacting the victim's age as well as in permitting the state to reference the victim's age during cross-examination. Because Holden challenges the validity of a statute, this Court has jurisdiction pursuant to Mo. Const. art. V, § 3.

■ Section 589.414 is constitutional. It does not operate retrospectively as to those who committed offenses prior to the effective date so long as the plea or conviction occurred after the effective date of the statute. The non-disclosure of the registration forms did not violate *Brady* or

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

2. Section 589.414.1, RSMo Supp.2006, provides:
   If any person required by sections 589.400 to 589.425 to register changes residence or address within the same county or city not within a county as such person's previous address, the person shall inform the chief law enforcement official in writing within ten days of such new address and phone number, if the phone number is also changed.

Rule 25.03(c). Further, there was no abuse of discretion in the admission of the registration form with the victim's age, and the reference to the victim's age during cross-examination did not result in manifest injustice. The judgment is affirmed.

## I. Facts

In March 1995, William Holden pled guilty in the circuit court of the city of St. Louis to two counts of sodomy with a child under the age of fourteen years. The underlying conduct occurred on April 26, 1994. In May 2001, Holden was released from custody, moved to Hannibal and registered with the Marion County sheriff's department as a sex offender. Holden signed the registration form, which contained the requirements to register every ninety days and to notify the sheriff's department within ten days of any change of address.

Between 2001 and 2007, Holden continued to register every ninety days. When registering in May 2007, Holden reported a change of address to 2815 Marion Street in Hannibal. In August 2007, Holden informed the sheriff's office that he moved out of his residence two weeks earlier. Holden stated that he had moved from 2815 Marion Street to 725 Bridge Street over a month ago because of unsanitary conditions, had since left 725 Bridge Street, and was currently living in his car near the river. He acknowledged signing the May 2007 registration form but stated that he was unaware of the ten-day requirement for reporting a change of address.

Holden was arrested, and the state filed a petition against him for failure to register within ten days of a change of address as required by section 589.414. A preliminary hearing was held, and the trial date was set for March 2008.

In December 2007, Holden filed a motion to dismiss, arguing that section 589.414 is unconstitutional because the underlying acts occurred prior to the effective date of section 589.414. The court overruled this motion. Prior to trial, Holden filed a motion to reconsider this motion as well as six other motions, one of which asked the court to preclude the state from entering details of Holden's underlying sexual offense. When arguing the motion, counsel specifically asked the court to redact the victim's age from the initial registration form. The court overruled these motions.

A jury trial was held on March 13, 2008. The state admitted into evidence two registration forms: the initial form signed in May 2001 and the most recent form signed in May 2007. Both of these forms contained the ten-day requirement for notification after a change of address. Holden renewed the objection to the victim's age appearing on the form.

Holden called two witnesses, whose testimony addressed the living conditions on Marion Street, and he also testified in his own defense. On cross-examination, the state asked Holden about his prior conviction; specifically, whether he had pled guilty to sodomizing a victim who was five years old. Holden's counsel objected on the basis that the question previously had been asked and answered.

The case was submitted to the jury, which found Holden guilty of failing to notify the sheriff's office within ten days of changing residences as required by section 589.414.1. Holden filed a motion for new trial, arguing that section 589.414 was unconstitutional and that the trial court erred in permitting the state to present evidence of the victim's specific age. The motion was amended to include a discovery violation and *Brady* violation for non-disclosure

of the additional twenty-three registration forms that Holden had completed. The trial court overruled the motion, and Holden appeals.

## II. Analysis

### A. Constitutional Validity of Section 589.414

Sections 583.400 to 583.425 became effective January 1, 1995. The law set forth the registration requirements for certain offenders as provided in section 589.400, which includes:

Any person who, since July 1, 1979, has been or is hereafter convicted of, been found guilty of, or pled guilty to committing, or attempting to commit, an offense in chapter 566, RSMo; ...

Section 589.414, RSMo Supp.2006, provides the registrant's duties on change of address, stating that:

[i]f any person required by sections 589.400 to 589.425 to register changes residence or address within the same county or city not within a county as such person's previous address, the person shall inform the chief law enforcement official in writing within ten days of such new address and phone number, if the phone number is also changed.

Article I, section 13 of the Missouri Constitution provides that "no law ... retrospective in its operation ... can be enacted." A retrospective law is one that creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past. *See Squaw Creek Drainage Dist. No. 1 v. Turney,* 235 Mo. 80, 138 S.W. 12, 16 (1911). "A statute is not retrospective or retroactive because it relates to prior facts or transactions but does not change their legal effect, or because some of the requisites for its action are drawn from a time antecedent to its passage, or

because it fixes the status of an entity for the purpose of its operation." *Jerry–Russell Bliss, Inc. v. Hazardous Waste Mgmt. Comm'n,* 702 S.W.2d 77, 81 (Mo. banc 1985).

In *Doe v. Phillips,* 194 S.W.3d 833 (Mo. banc 2006), this Court addressed the argument that the registration requirements were retrospective in operation as to those who were convicted or pled guilty prior to its effective date. The Court found the law unconstitutional, stating:

Missouri's constitutional bar on laws retrospective in their operation compels this Court to invalidate Megan's Law's registration requirements as to, *and only as to,* those persons who *were convicted or pled guilty* prior to the law's January 1, 1995, effective date. This ruling applies only to the registration requirements.

*Phillips,* 194 S.W.3d at 852–53 (second emphasis added).

The key factor in this analysis is the language of section 589.400. The statute focuses on those convicted, found guilty of, or who have pled guilty to the underlying offense and who have not timely registered their address. The trigger date for purposes of retrospective analysis is the date of the conviction or plea, not the date of the underlying offense. Therefore, if the plea or conviction occurred prior to the effective date of the statute, the registration requirements are retrospective in nature. It follows that so long as the plea or conviction occurs after the effective date of the statute, as in this case, the registration requirements are not retrospective in operation, regardless of the date the underlying offense was committed.

Holden argues that subsequent references to the decision in *Doe v. Phillips* indicate the Court's intent to find that the statute is retrospective as to those who committed the offense prior to its effective

date even if the date of the conviction or guilty plea occurred after the statute's effective date. Holden cites to two decisions: *Doe v. Blunt*, 225 S.W.3d 421 (Mo. banc 2007), and *R.L. v. Mo. Dept. of Corr.*, 245 S.W.3d 236 (Mo. banc 2008).

In *Doe v. Blunt*, a defendant pled guilty to the public display of explicit material. 225 S.W.3d at 422. At that time, the offense did not require a duty to register. *Id.* A year later, the registration requirements were amended to include this offense, and a probation violation was filed against the defendant. *Id.* Citing *Doe v. Phillips*, the Court stated:

> In *Phillips*, the Court determined that a law requiring registration as a sex offender for an offense that occurred prior to the registration law's effective date was retrospective in operation in violation of Mo. Const. article I, section 13.

*Id.*

In *R.L. v. State of Mo. Dept. of Corrections*, a defendant pled guilty to attempted enticement of a child. 245 S.W.3d at 236. A few months later, a law was passed restricting offenders of this crime from living within a certain distance of a school. *Id.* at 237. Defendant resided next to a school, and the state informed him that he was committing a felony. *Id.* In its analysis, the Court stated:

> In *Doe v. Phillips*, 194 S.W.3d at 850, the Court applied the foregoing principles to hold that a law requiring registration as a sex offender for an offense that occurred prior to the registration law's effective date was an invalid retrospective law in violation of article I, section 13 of the Missouri Constitution.

*Id.*

Although the Court in *R.L.* and *Blunt* overstated the holding in *Phillips*, in each case the Court's decision focused on the law in effect when the guilty plea was entered. *R.L.*, 245 S.W.3d at 237; *Blunt*, 225 S.W.3d at 422. Neither decision altered the core analysis of *Phillips*.

In this case, Holden was charged with two counts of sodomy with a child under the age of fourteen years. When Holden pled guilty to this offense, the registration requirements had been in effect for several months. Section 589.414, as applied to Holden, is constitutional.

## B. Violation of Rule 25.03(c) and *Brady*

■ Holden argues that the state failed to disclose twenty-three registration forms that he completed from 2001 to 2007 and that were required to be disclosed pursuant to Rule 25.03(c) and under *Brady v. Maryland.* He argues that twenty of the twenty-three forms contained no reference to the ten-day requirement for notification and were material to show that he did not knowingly violate this requirement.

■ In *Brady*, the Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. 1194. Evidence is material "only when there is a reasonable probability that the result of the proceeding would have been different if the evidence had been disclosed to the defense." *State v. Salter*, 250 S.W.3d 705, 714 (Mo. banc 2008). *Brady*, however, only applies in situations where the defense discovers information after trial that had been known to the prosecution at trial. *Id.* If the defendant had knowledge of the evidence at the time of trial, the state cannot be faulted

for non-disclosure.[3] *Id.*

■ Holden's argument fails for two reasons. First, Holden had knowledge that these forms existed at the time of trial because he completed these forms over the past seven years. Second, there was no prejudice. The state admitted two forms: the initial registration form completed in 2001 and the most recent form completed in 2007. Each of these forms contained the ten-day requirement for notification for change of address. On the most recent form, Holden's initials are beside this requirement. Given this evidence, the admission of the twenty forms without the ten-day requirement would not have changed the outcome of the case.

The state did not violate the rule of disclosure in *Brady* or Rule 25.03(c).

## C. Admission of Victim's Age

Holden argues that the age of the victim from his prior conviction was improperly admitted at trial on two different occasions: on the initial registration form admitted into evidence by the state as well as during cross-examination.

### a.

■ Holden argues the trial court abused its discretion in admitting the initial registration form without redacting the information that the victim was five years old. He argues that the victim's age is not legally relevant because the state only was required to prove that the victim was under the age of fourteen years. He argues that the reference to the age was more prejudicial than probative because it diverted the jury's attention from the question of whether Holden knowingly failed to

timely notify the sheriff of his change of address.

■ The standard of review for the admission of evidence is abuse of discretion. *State v. Freeman,* 269 S.W.3d 422, 426 (Mo. banc 2008). This standard gives the trial court broad leeway in admitting evidence, and an exercise of this discretion will not be disturbed unless it "is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *Id.*

The victim's age is relevant to prove that Holden was previously convicted of a sexual offense involving a child under the age of fourteen years. The commission of this offense was a condition for the registration requirements, including section 589.414, to apply. To the extent that the age is inflammatory, it is a result of defendant's own conduct and does not outweigh its probative effect. The trial court did not abuse its discretion in admitting the registration form without redacting the victim's age.

### b.

■ Holden argues the trial court erred in permitting the state to reference the age of the victim on cross-examination. He argues that the victim's age was unnecessary because the state only was required to prove that the victim was under fourteen years and that this information distracted the jury from the issue of Holden's guilt of the offense charged.

Holden did not object to the questioning regarding the victim's age on the basis of relevance at trial and first raised this argument in the motion for new trial. This issue was not properly preserved; the Court reviews for plain error only, which

**3.** For the purposes of this case, the *Brady* analysis and the Rule 25.03(c) analysis are the same.

requires the Court to find that manifest injustice or a miscarriage of justice resulted from the trial court error. Rule 30.20; *Salter*, 250 S.W.3d at 713.

A party can prove prior convictions on cross-examination for the purposes of impeachment or to affect credibility. Section 491.050. However, the cross-examiner cannot inquire of the specific details of the crimes leading to the prior convictions. *State v. Light*, 871 S.W.2d 59, 62–63 (Mo.App.1994). *See also State v. Hood*, 313 S.W.2d 661, 663–64 (Mo.1958). It is permissible to elicit the nature, dates, places of the occurrences and sentences. *Light*, 871 S.W.2d at 63. "In literary terms who, what, when and where are in order but why and how are not." *Id.*

Holden was convicted of sodomy of a child under the age of fourteen years. The age of the victim is an element of the crime and goes to the general nature of the conviction. The state asked Holden to confirm the conviction and the age of the victim involved and did not ask Holden for any additional details of the crime. This questioning did not result in manifest injustice or a miscarriage of justice.

## IV. Conclusion

The judgment is affirmed.

STITH, C.J., WOLFF, BRECKENRIDGE and FISCHER, JJ., and RAVENS, Sp. J., concur. TEITELMAN, J., concurs in separate opinion filed; WOLFF, J., concurs in opinion of TEITELMAN, J. RUSSELL, J., not participating.

RICHARD B. TEITELMAN, Judge, concurring.

I concur fully in the principal opinion and write separately only to suggest that Mr. Holden's conviction and sentence unintentionally may undermine future enforcement efforts. In exchange for voluntarily renewing his registration, Mr. Holden was arrested and sentenced to four years imprisonment because he did not inform the authorities that his new address was a car parked on a riverbank. Had Mr. Holden realized that voluntary re-registration would land him jail for four years, he would have been faced with a significant incentive to abscond. If the purpose of the registration requirements is to permit the authorities and the public to stay apprised of an offenders' residence, then it may prove unwise to impose harsh punishments on those offenders, like Mr. Holden, who undertake good faith but technically erroneous efforts at compliance. Although one could argue that the prospect of imprisonment generally will encourage compliance with the registration requirements, there is little evidence that criminal sanctions cure innocent oversights in the face of overwhelmingly unfortunate circumstances.