STATE of Missouri, Respondent,

v.

Daniel O. MAUCHENHEIMER,
Appellant.

No. WD 72913.

Missouri Court of Appeals,
Western District.

June 21, 2011.

Tamara Putnam and J. Denise Carter, Lee's Summit, MO, for Appellant.

Chris Koster, Attorney General, Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division II: JAMES M. SMART, JR., Presiding Judge, and MARK D. PFEIFFER and CYNTHIA L. MARTIN, Judges.

MARK D. PFEIFFER, Judge.

Daniel Mauchenheimer appeals his conviction after a jury trial in Boone County, Missouri, for attempted sexual misconduct involving a child by indecent exposure,

§ 566.083 RSMo Cum.Supp.2008, for which he was sentenced to four years imprisonment. We affirm.

## Facts and Procedural History[1]

Detective Andy Anderson of the Boone County Sheriff's Department was coordinator of the Mid–Missouri Internet Crimes Task Force, a collaborative effort between law enforcement and prosecutors in a seven-county area in mid-Missouri to investigate internet crimes, particularly against children and families. As part of an undercover investigation, on October 8, 2008, Detective Anderson was in a Yahoo chat room, using Yahoo Instant Messenger, posing as a fourteen-year-old female from Columbia, Missouri, with the screen name "sadmogirl,"[2] when he received the first private instant message from Daniel Mauchenheimer ("Mauchenheimer"), who used the screen name "abcglen" and whose profile described him as a thirty-eight-year-old male in St. Louis. In the first chat, "sadmogirl" established that she was fourteen years old, and Mauchenheimer made sexually suggestive comments. In subsequent chat sessions between Mauchenheimer and "sadmogirl," Mauchenheimer described himself as sitting naked at the computer and often asked if "sadmogirl" wanted to see him naked. On October 17, 2008, after more chatting, Mauchenheimer exposed himself on the webcam naked and masturbating. In the same chat, "sadmogirl" again mentioned her age. Shortly thereafter, Mauchenheimer said, "I would want to have sex with you. If I was your age." Mauchenheimer and Detective Anderson chatted intermittently through November 5, 2008.

Thereafter, Detective Anderson subpoenaed subscriber records from Yahoo and determined that "abcglen" was Mauchenheimer, obtained a copy of Mauchenheimer's driver's license containing the same address listed in Yahoo's records, and concluded that the driver's license picture matched the person he had seen on the webcam when chatting as "sadmogirl." St. Louis County Police arrested Mauchenheimer and seized his computer and webcam, a forensic examination of which revealed that Yahoo Messenger was installed and contained a profile called "abcglen." The computer also showed references to "sadmogirl," but the chat conversations could not be found because the computer had been set to delete them every time the Instant Messenger program was closed. The pictures sent by "sadmogirl" to Mauchenheimer were found on the computer.

On February 9, 2009, Mauchenheimer was charged by information with attempted sexual misconduct involving a child by indecent exposure in violation of section 566.083. On March 25, 2010, Mauchenheimer filed a Motion for Discovery seeking access to the hard drive of the computer used by Detective Anderson in his undercover investigation that led to Mauchenheimer's criminal charge. The motion alleged that copies of the chat transcripts taken from Detective Anderson's computer and provided to the defense did not include the complete transcripts of the internet conversations that took place between Mauchenheimer and "sadmogirl." The defense sought an order allowing the defense to conduct a forensic examination of the hard drive of Detective Anderson's computer or for the court to appoint a

---

1. We review the facts in the light most favorable to the verdict. *State v. Tisius*, 92 S.W.3d 751, 757 (Mo. banc 2002).

2. "Sadmogirl" had a profile visible to other users of the chat room which, in relevant part, stated that her name was Jennifer Smith, she was a female from Missouri, and her favorite quote was "14 and life sucks."

special master to conduct such an examination.

A pretrial hearing on the discovery motion was conducted on March 29, 2010. Detective Anderson testified that he did not alter any information in the internet chats before turning them over to the defense and that he did not have the capability to do so. The defense did not present contrary expert testimony to contradict Detective Anderson's claim. The State argued that the hard drive contained sensitive information not pertaining to the case, including pending investigations, investigations of persons who ended up being innocent of any crimes, and undercover profiles being used in pending investigations. The State further argued that the information the defense sought from Detective Anderson's computer, if it indeed existed, could be discovered through forensic imaging of Mauchenheimer's computer hard drive, which the State had offered to the defense more than once. The trial court ultimately entered an order denying Mauchenheimer's motion for examination of Detective Anderson's computer.

The case went to trial on April 7, 2010. At trial, Mauchenheimer admitted having engaged in the sexually explicit chats with "sadmogirl" that were admitted into evidence. Mauchenheimer also admitted that he exposed his genitalia and penis to "sadmogirl." He further conceded that, during the first chat he had with "sadmogirl," she claimed to be fourteen years of age, and thereafter he did not ask "sadmogirl" her age or confront her with what he now claims was his suspicion that "she" was really a "he" and "he" was an adult.

The trial court overruled Mauchenheimer's motion for judgment of acquittal at the close of the State's case. The jury found Mauchenheimer guilty of the sole count of attempted sexual misconduct involving a child by indecent exposure, based on the webcam transmission of October 17, 2008. Mauchenheimer waived jury sentencing and was sentenced by the court to four years imprisonment in the Department of Corrections. Mauchenheimer filed a Motion for New Trial, which contained a claim that denial of his Motion for Discovery seeking access to Detective Anderson's hard drive violated his due process rights. The trial court did not rule on Mauchenheimer's timely filed Motion for New Trial within ninety days, and therefore, it was deemed denied for all purposes under Rule 29.11(g). This appeal follows.

## Standard of Review

The parties disagree on the appropriate standard of review. Mauchenheimer argues that we should review *de novo* whether his due process rights were violated by the trial court's denial of his motion for access to the detective's hard drive; specifically, he asserts that under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), he was entitled to access exculpatory material in the State's possession, particularly conversations on the hard drive that were not included in the transcripts provided by the State, that would support his defense that he did not believe "sadmogirl" was a fourteen-year-old girl at the time he exposed himself via the web-cam transmission. Conversely, the State contends that *Brady* is inapplicable to Mauchenheimer's claim and that the proper standard for review is whether the trial court abused its discretion in denying Mauchenheimer's discovery motion.

■ We agree with the State that in reviewing a challenge to a trial court's decision to deny a motion for discovery, appellate review is limited to a determination of "whether the trial court abused its discretion in such a way as to result in fundamental unfairness." *State v. Tisius,* 92 S.W.3d 751, 762 (Mo. banc 2002). Fun-

damental unfairness occurs when there is "a reasonable likelihood that denial of discovery affected the outcome of the trial." *Id.*

██ *Brady* does not govern our review because it only applies "where the defense discovers information after trial that had been known to the prosecution at trial." *State v. Holden,* 278 S.W.3d 674, 679 (Mo. banc 2009). "If the defendant had knowledge of the evidence at the time of trial, the state cannot be faulted for non-disclosure." *Id.* at 679–80. Mauchenheimer cannot argue that he did not have knowledge of the allegedly missing portions of conversations. He testified that he participated in the conversations and testified to the substance of the alleged missing portions of the conversations at trial.

## Analysis

██ In his sole point on appeal, Mauchenheimer asserts that the trial court erred in denying his motion for additional discovery under Rule 25.04(A).[3] "A defendant is entitled to evidence in the State's possession that is: (1) favorable to the defendant; and (2) material to either guilt or punishment." *State v. Middlemist,* 319 S.W.3d 531, 539 (Mo.App. S.D.2010); Rules 25.03(A)(9) & 25.04(A). " '[A] defendant is not entitled to information on the mere possibility that it might be helpful, but must make some plausible showing how the information would have been material and favorable.' " *Id.* (quoting *State v. Goodwin,* 65 S.W.3d 17, 21 (Mo.App. S.D.2001) (internal quotations omitted)).

Mauchenheimer's claim of error is flawed for a number of reasons, not the least of which is that he has not shown that the State possessed the information he sought or that the defense did not already have access to the same information claimed to be in possession of the State. At the pretrial hearing on Mauchenheimer's discovery motion, Detective Anderson testified before the trial court that the internet chat program he used, Yahoo Instant Messenger, created a saved digital file of each conversation to his computer's hard drive. When conducting an investigation using the chat program, Detective Anderson set the archive feature to "record and maintain permanently." He testified that in this case, all of the internet chats he had with Mauchenheimer were archived, they were all turned over to the State for discovery production to the defense, and he did not edit or change the information contained in any of the chat files. He further testified that if any of these Yahoo proprietary files of internet conversations were examined using forensic examination software, the examination would reveal whether a particular chat had been edited.[4] Detective Anderson also testified that the hard drive in the computer where the chats with Mauchenheimer were archived contained sensitive information regarding pending criminal investigations on multiple individuals unrelated to Mauchenheimer, as well as his undercover profiles and persona. The trial court was free to believe the detective's testimony, *State v. Trenter,* 85 S.W.3d 662, 674 (Mo. App. W.D.2002), and in so doing, the trial court was free to believe that the State did not possess any further evidence that had not already been produced to Mauchen-

---

**3.** Unless otherwise indicated, all rule references are to MISSOURI COURT RULES Vol. I (2010), the court rules in effect at the time Mauchenheimer's Motion for Discovery Pursuant to Supreme Court Rule 25.04 was filed on March 25, 2010.

**4.** Notably, Mauchenheimer is not claiming that entire internet chat conversations are missing. Rather, he only claimed that some of the internet conversation files had been edited to delete certain portions of the conversations.

heimer. Rule 25 does not require the State to disclose evidence or information that it does not possess. *State v. Stewart,* 18 S.W.3d 75, 92 (Mo.App. E.D.2000).[5]

Additionally, the defense produced no expert testimony to contradict that of Detective Anderson's opinions regarding forensic evaluation techniques available to the defense to evaluate evidence in their possession or offered to be made available by the State to the defense. The State provided proprietary files of the requested internet chat conversations to the defense, as well as a compact disc containing the chat conversations. The State also offered to turn over a forensic image of Mauchenheimer's hard drive for examination. Given this evidence available to Mauchenheimer and his defense team, examination of Detective Anderson's hard drive would not have changed the outcome of the case, as it would not reveal information that was not already available in multiple formats to the defense.

Even assuming *arguendo* the missing portions of the internet conversations Mauchenheimer alleges to have existed had been discovered and shown to the jury at trial, the evidence in the record is overwhelming that Mauchenheimer thought he was conversing with a child, as shown by internet chat messages between Detective Anderson and Mauchenheimer. For example, in their first exchange, Mauchenheimer asked "sadmogirl" about her last boyfriend and how old he was, to which "sadmogirl" replied, "My age, 14." Mauchenheimer replied, "Oh, wow. You are young.... LOL. Good thing I wasn't naked on cam. LOL." When Mauchenheimer asked "sadmogirl" to send him a picture of her, Detective Anderson sent a picture taken of a female colleague when she was fourteen years old, to which Mauchenheimer responded that she was a "real cutie" and that if he was fourteen, "[he] would be, like, please be my girlfriend." In a subsequent conversation, "sadmogirl" again mentioned her age, saying, "My mom says I got a bad mouth for being 14." Shortly thereafter, Mauchenheimer said, "I would want to have sex with you. If I was your age." And, in the midst of these sexually explicit internet conversations, Mauchenheimer exposed himself via webcam naked and engaged in masturbation.

Finally, Mauchenheimer only speculates about whether the claimed "missing evidence" he sought would have been helpful for his defense and otherwise affected the outcome of the trial. In one of the allegedly missing portions of the internet conversations, Mauchenheimer claims that he alluded to the fact that "sadmogirl" may not be a girl and may not be a child. But, even under Mauchenheimer's representation as to how the internet chat concluded on that topic, Mauchenheimer claims he said: "I guess we'll never know for sure." Even more speculative is the other portion of a conversation that Mauchenheimer asserted was missing, about Uggs brand shoes and what style "sadmogirl" wanted, which does not have any apparent connection to her age. Simply put, Mauchenheimer's arguments as to the "favorability" of these additional internet conversations are nothing more than speculative and bare assertions of prejudice grossly outweighed by the overwhelming evidence supporting his guilt. "Bare assertions of prejudice are not sufficient to establish fundamental unfairness and do not show

---

5. We note that Rule 25.03(C) does require the State to make good faith efforts to obtain and disclose material or information in the possession or control of other governmental person-nel. However, in the present case, the trial court found that all such information had previously been disclosed to Mauchenheimer.

how the trial was substantially altered." *Tisius,* 92 S.W.3d at 762.

Point denied.

### Conclusion

Mauchenheimer fails to demonstrate that the trial court abused its discretion in denying his discovery motion or that any such denial resulted in fundamental unfairness to Mauchenheimer. Accordingly, the judgment of the trial court is affirmed.

JAMES M. SMART, JR., Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.

