**John DOE, Appellant,**

v.

**Honorable Matt BLUNT, et al., Respondents.**

No. SC 87786.

Supreme Court of Missouri, En Banc.

June 12, 2007.

Brian L. Harvell, Paul H. Schramm, St. Louis, MO, for Appellant.

6.  979 S.W.2d 948 (Mo.App.1998).

**422**

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael Pritchett, Bart A. Matanic, Shawn R. McCall, Assistant Attorneys General, Jefferson City, R. David Arthur II, Office of the St. Louis County Counselor, Clayton, MO, for Respondents.

PER CURIAM.

### Overview

■ Doe pleaded guilty in May 2004 to the public display of explicit sexual material in violation of section 573.060.[1] At the time Doe pleaded guilty, the duty of registering as a sex offender did not apply to this offense. In August 2004, the law changed so that those convicted of public display of explicit sexual material were required to register as a sex offender. *Section 589.400.1(2)*, RSMo Supp.2005. Subsequently, a probation violation report was filed against Doe for failing to register.[2]

Doe filed this declaratory judgment action to determine his obligation to register as a sex offender. He argued he was not subject to the new registration requirement because to apply the new statute to him would violate the prohibition on laws retrospective in operation, Mo. Const. article I, section 13. Not having the benefit of this Court's opinion in *Doe v. Phillips*, 194 S.W.3d 833 (Mo. banc 2006), the trial court overruled Doe's motion for summary judgment. *Phillips* controls. The trial court judgment is reversed, and judgment is entered in favor of Doe. *Rule 84.14.*

### Discussion

■ In *Phillips*, the Court determined that a law requiring registration as a sex offender for an offense that occurred prior to the registration law's effective date was retrospective in operation in violation of Mo. Const. article I, section 13. As the Court explained, a retrospective law is one that creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past. It must give to something already done a different effect from that which it had when it transpired. *Doe v. Phillips*, 194 S.W.3d 833, 850 (Mo. banc 2006). The obligation to register by its nature imposes a new duty or obligation. *Id.* at 852.

The same is true in this case. When he pleaded guilty, Doe had no obligation to register; his duty to register arose from a change in the law. Because the new law imposed a new duty, it is a retrospective law prohibited by Mo. Const. article I, section 13.

### Conclusion

The trial court's judgment is reversed, and judgment is entered for Doe. *Rule 84.14.*

All concur.

---

1. All statutory references are to RSMo 2000 unless otherwise specified.

2. The decision whether to revoke probation has been deferred pending resolution of this case. Because of the possibility of probation revocation, the issue of Doe's duty to register is not moot.