**Jane DOE I, et al., Respondents,**

**v.**

**Thomas PHILLIPS, et al., Defendant,**

**James Keathley, Appellant.**

**No. WD 68066.**

Missouri Court of Appeals,
Western District.

April 1, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 2008.

Application for Transfer Denied
Aug. 26, 2008.

Michael Eugene Pritchett, Jefferson City, MO, for appellant.

Arthur Benson, Jamie K. Lansford, co-counsel, Kansas City, MO, for respondents.

Before HARDWICK, P.J., SMART, J. and WELSH, SP. J.

LISA WHITE HARDWICK, Judge.

The Circuit Court of Jackson County issued a judgment enjoining the Superintendent of the Missouri State Highway Patrol from publishing photographs and identifying information of registered sex offenders whose convictions predate the July 1, 1995, enactment of Missouri's Sex Offender Registration Act (SORA), Section 589.400 *et seq.*, RSMo. The Superintendent appeals from the permanent injunction. For reasons explained herein, we affirm in part, reverse in part, and remand the cause to the circuit court with instructions to limit the scope of the injunction.

### FACTUAL AND PROCEDURAL HISTORY

Eleven plaintiffs, who had been convicted of crimes that required them to register as sex offenders, filed suit against the Superintendent of the Missouri Highway Patrol and other defendants[1] seeking a declaration that SORA was unconstitutional under the Missouri Constitution. In January 2005, the circuit court upheld SORA in all respects. The plaintiffs appealed to the Missouri Supreme Court.

In ruling on the case in 2006, the Supreme Court generally upheld SORA but found that application of the registration requirements to persons who were convicted prior to the January 1, 1995, enactment of the law was a violation of the Missouri Constitution's prohibition on retrospective laws. *Doe v. Phillips*, 194 S.W.3d 833, 852

(Mo. banc 2006); Mo. Const. art. I, § 13. The case was remanded to the circuit court.

On remand, the plaintiffs who qualified as pre–1995 offenders moved for an order prohibiting the defendants from using the photographs provided with their SORA registrations. The circuit court granted relief, in January 2007, by entering a permanent injunction against James Keathley, as Superintendent of the Missouri Highway Patrol, and his successors. The judgment prohibited the Superintendent from "publishing the photographs of plaintiffs on websites on the Internet[,] or otherwise disseminating such photographs ... and identifying information of persons registered under SORA whose convictions predated January 1, 1995."

The circuit court denied the Superintendent's motions to amend the judgment. On appeal, the Superintendent raises four points challenging the permanent injunction.

### STANDARD OF REVIEW

Our review of this judgment in equity is the same as in other court-tried cases: We must affirm the trial court's decision unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Systematic Bus. Servs., Inc. v. Bratten*, 162 S.W.3d 41, 46 (Mo. App.2005).

"Whether an injunction should be granted is a matter of the trial court's discretion in balancing the equities." *S. Star Cent. Gas Pipeline, Inc. v. Murray*, 190 S.W.3d 423, 432 (Mo.App.2006). The court has broad discretion to grant relief

---

**1.** At the time the petition was filed, Roger Stottlemyre was Superintendent of the Missouri Highway Patrol. The current Superintendent is James Keathley. Other defendants named in the petition were Thomas Phillips as the Jackson County Sheriff and Michael Sanders as the Jackson County Prosecutor.

that fits the particular facts, circumstances, and equities of the case. *Id.* We review a trial court's decision to grant an injunction under an abuse of discretion standard. *Id.* at 429.

## ANALYSIS

■ In his first point on appeal, the Superintendent contends the circuit court erred in enjoining the publishing of photographs and other identifying information about the plaintiffs because such dissemination does not violate the Missouri Constitution's ban on retrospective laws. In *Doe,* the Supreme Court defined a retrospective law as one which "creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past. It must give to something already done a different effect from that which it had when it transpired." 194 S.W.3d at 850 (quoting *Squaw Creek Drainage Dist. v. Turney,* 235 Mo. 80, 138 S.W. 12, 16 (1911)). Based on this definition, the Superintendent argues that publication of the plaintiffs' photos in no way imposes an obligation or duty on sex offenders who are now exempt from SORA's registrations requirement and, therefore, does not fall within the conduct proscribed by the *Doe* decision.

The Superintendent's argument misses the point of the injunctive relief granted. The circuit court did not enjoin the dissemination of the plaintiffs' photos because such conduct directly violated the constitution; rather, the court concluded that the dissemination was improper because the photos were obtained as a result of an unconstitutional statutory provision. The circuit court stated:

> The continued use of said photographs by Defendant James F. Keathley constitutes the continuation of an aspect of the plaintiffs' registration that was held un-

constitutional. Defendant would not have the photographs of plaintiffs but for their compelled compliance with a provision of SORA that has now been determined to be unconstitutional.

By restricting use of the photos, the circuit court reasonably exercised its discretion in attempting to fully address the wrongs suffered by the pre–1995 offenders, who were unlawfully required to register under SORA.

■ The basis of equity "is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice." *Landmark Bank v. Ciaravino,* 752 S.W.2d 923, 927 (Mo.App.1988) (quoting *State Savings Trust Co. v. Spencer,* 201 S.W. 967, 969 (Mo.App.1918)). In granting equitable relief, the court should do "complete justice by enjoining the whole of the unlawful proceeding." *Joe Dan Mkt., Inc. v. Wentz,* 223 Mo.App. 772, 20 S.W.2d 567, 569 (1929). Here, the circuit court recognized that eliminating the registration requirement only partially resolved an injustice for pre–1995 offenders. To ensure complete justice, equity required eliminating access to information obtained during the unconstitutional registration process. The injunction was proper to the extent that it prohibited the Superintendent from using photographs and identifying information that were unlawfully acquired. Point I is denied.

■ Point II offers a related argument. The Superintendent contends the injunctive relief was too broad in that it also prohibited the dissemination of plaintiffs' photographs and identifying information obtained from sources other than the SORA registrations. In *Doe,* the Supreme Court expressly "reject[ed] the claim that publication of true information" about the pre–1995 offenders would necessarily violate the constitutional ban on retrospective

laws. 194 S.W.3d at 852. The Supreme Court, in effect, recognized that defendants should not be precluded from using all information in their possession concerning the plaintiffs, particularly when such material was otherwise available in the public sector.

We agree that the circuit court abused its discretion in extending the injunction to photographs and information the Superintendent acquired from non-SORA sources. The broad scope of relief impermissibly interfered with the Superintendent's lawful conduct and did nothing to protect the pre–1995 offenders from the negative consequences of the unconstitutional registration requirements. Despite the court's considerable authority to fashion equitable remedies, its exercise of discretion must not impede the proper action of those against whom relief is sought. *S. Star Cent. Gas Pipeline*, 190 S.W.3d at 432. Point II is granted.

In Point III, the Superintendent argues that the circuit court erred in not expressly limiting the injunction to the dissemination of photographs and identifying information regarding pre–1995 offenders who were convicted or pleaded guilty in Missouri. The Superintendent asserts that persons convicted in other jurisdictions voluntarily accepted SORA's registration requirements by moving to Missouri and, therefore, were never compelled to comply with the unconstitutional provisions.

This issue was not specifically litigated at trial and, from our review of the record, appears to have been raised for the first time in a post-trial motion challenging the injunction. The circuit court overruled the post-trial motion without comment. Moreover, the record is inadequate to determine to what extent this issue applies to the parties in this case. It appears that only one of the plaintiffs was convicted outside of Missouri, but the record fails to show when he moved to Missouri, or if the move was prior to or following the January 1, 1995 effective date for SORA in Missouri. Because the record on appeal is inadequate for determination of this issue, Point III is denied.

In Point IV, the Superintendent contends the judgment is ambiguous and requires clarification with regard to what classes of identifying information are covered by the permanent injunction. The judgment ordered the Superintendent to "cease and desist from publishing photographs and identifying information of persons registered under SORA whose convictions predated January 1, 1995." Because the judgment did not specify that "all" identifying information was included in this prohibition, the Superintendent argues the circuit court must have contemplated the retention of some minimal amount of information. The Superintendent suggests the injunction should be interpreted to prohibit dissemination of photographs, dates of birth, physical descriptions, vehicle descriptions, and home and work addresses, but to ·exclude the use of the names of the pre–1995 offenders. He argues this interpretation is consistent with the relief requested by the plaintiffs, in that they sought only a prohibition on the publication of their photographs procured through SORA registration.

■ "An injunction must clearly and specifically describe the acts and things enjoined so as not to be subject to misunderstanding and confusion by those against whom it is directed." *City of Bridgeton v. City of St. Louis*, 18 S.W.3d 107, 115 (Mo. App.2000). The injunction at issue satisfies this requirement by restricting the use of photos and other information by which the plaintiffs could be identified. The Superintendent's belief that the phrase "identifying information" does not include the names of the plaintiffs simply strains cred-

ibility. We are unable to imagine a single class of information more identifying than that of a person's name.

Although the plaintiffs did not specifically request a restriction on the use of identifying information, their petition sought "such further legal and equitable relief as this Court deems appropriate." Similar language was found sufficient in *Bollinger County v. Ladd,* 564 S.W.2d 267, 273 (Mo. App.1978), to warrant injunctive relief beyond the scope of the pleading. The circuit court was within its broad discretionary power in formulating the injunction to fit the facts before it and prevent injustice. The court is not constrained by the request of the parties when granting relief in equity. *Id.* Point IV is denied.

CONCLUSION

The judgment is reversed with regard to the scope of the permanent injunction. The cause is remanded to the circuit court with instructions to limit the injunction to prohibit the Superintendent from publishing photographs and other identifying information about the pre–1995 offenders that was obtained as a result of their SORA registrations. In all other respects, the judgment is affirmed.

All concur.