**John DOE, Respondent,**

v.

**Thomas PHILLIPS, et al, Defendants,**

**James F. Keathley, Appellant.**

**Nos. WD 68910, WD 68911.**

Missouri Court of Appeals,
Western District.

June 17, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 2008.

Application for Transfer Denied
Sept. 30, 2008.

Michael E. Cook Pritchett, Jefferson City, MO, for appellant.

Dennis J. Campbell Owens, Kansas City, MO, for respondent.

Lisa N. Gentleman, Kansas City, MO, for defendants.

Before: JOSEPH M. ELLIS, P.J., LISA W. HARDWICK and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

James F. Keathley appeals the judgment of the Jackson County Circuit Court enjoining the use of information obtained through an unlawful sex offender registration. On appeal, he claims the injunction was improper because the information has already been acquired, it is publicly avail-

able, and it is accessible only to law enforcement. His points are denied, and the judgment is affirmed.

**Facts**

On March 6, 2006, John Doe, the Respondent in the current appeal, pled guilty to endangering the welfare of a child in the first degree by kissing a female under the age of seventeen. Missouri's Sex Offender Registration Act (SORA), §§ 589.400 through 589.425, RSMo., was amended, effective June 5, 2006, to require persons convicted of endangering the welfare of a child in the first degree to register as sex offenders if the endangerment was sexual in nature. Following this amendment, Mr. Doe was required to register as a sex offender.

Mr. Doe filed suit against the Superintendant of the Missouri State Highway Patrol, the Prosecuting Attorney of Jackson County, and the Sheriff of Jackson County on March 13, 2007. He sought a declaration that he is not required to register as a sex offender under SORA because the offense to which he pled guilty was not added to SORA as an offense requiring registration until after his guilty plea. He asserted that requiring him to register constituted a retroactive application of law prohibited by article 1, section 13 of the Missouri Constitution. Mr. Doe also sought an order directing the defendants to remove his name and registration information from the state and county sex offender registries.

On June 12, 2007, the Missouri Supreme Court decided *Doe v. Blunt*, 225 S.W.3d 421 (Mo. banc 2007). The court held that to the extent SORA imposed a requirement that persons register for offenses that occurred before such offenses were added to SORA as offenses requiring registration, it is inconsistent with the Mis-

souri Constitution's prohibition on retrospective laws. *Id.* at 422.

The Jackson County Circuit Court entered summary judgment in Mr. Doe's favor on July 30, 2007. It declared that Mr. Doe is not required to register as a sex offender and enjoined defendants to remove information relating to Mr. Doe from all sex offender registries. The court found:

> In [*Doe v. Blunt*], the Missouri Supreme Court held that offenders convicted before § 589.400.1(2) was amended to include the applicable offense are not criminally liable for failing to register. Applying this decision, [Mr. Doe] was never required to register as a sex offender. [Mr. Doe] is relieved of any requirement to register.
>
> . . . .
>
> The defendants must immediately expunge [Mr. Doe] from all Sex Offenders' Registries. The defendants must also delete any personal information pertaining to [Mr. Doe], including photographic images received as a result of the registration, now found to be inappropriate because there was, and is, no duty for [Mr. Doe] to register.

James F. Keathley, the Superintendent of the Missouri State Highway Patrol, is the only one of the defendants against whom judgment was entered to appeal. He appeals from the portion of the judgment requiring removal of information relating to Mr. Doe that is already contained in the state's sex offender registry.

## Standard of Review

"Summary judgment is reviewed essentially *de novo* and affirmed only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Citibrook II, L.L.C. v. Morgan's Foods of Mo., Inc.,* 239 S.W.3d 631, 634 (Mo.App. E.D.2007)(citing *ITT Commercial Fin. Corp. v. Mid–Am. Ma-*

*rine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993)). The record is reviewed in the light most favorable to the party against whom judgment was entered. *Id.*

"An action seeking an injunction is an action in equity." *Systematic Bus. Servs., Inc. v. Bratten,* 162 S.W.3d 41, 46 (Mo. App. W.D.2005). The standard of review in a court-tried action in equity is the same as that used in a judge tried case: "the trial court's judgment will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or unless it erroneously applies the law." *Id.* (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)).

## Points I and II

In his first two points on appeal, Mr. Keathley claims the trial court erred in ordering the defendants to expunge Mr. Doe from all sex offender registries and to delete any personal information pertaining to Mr. Doe obtained as a result of his past registration as a sex offender. In his first point, Mr. Keathley argues that the continued use and dissemination of such information does not create a new obligation or impose a new duty with respect to past transactions as prohibited by the retrospective law provision of the Missouri Constitution. He asserts the information Mr. Doe provided to the sex offender registries is currently available to defendants for use and dissemination and continued use and dissemination does not require Mr. Doe to take any new action or fulfill a new obligation, even though he is no longer required to register. In his second point, Mr. Keathley argues that the continued inclusion on sex offender registries of personal information pertaining to Mr. Doe that is also publicly available from sources other than Mr. Doe's past registration does not create a new obligation or impose

a new duty with respect to past transactions as prohibited by the retrospective law provision of the Missouri Constitution.

After briefs were filed in this appeal, this court decided *Doe v. Phillips*, 259 S.W.3d 34 (Mo.App. W.D.2008). The facts of *Doe v. Phillips* are similar to the facts of the current appeal. The court held, in part:

> Here, the circuit court recognized that eliminating the registration requirement only partially resolved an injustice for pre–1995 offenders. To ensure complete justice, equity required eliminating access to information obtained during the unconstitutional registration process. The injunction was proper to the extent that it prohibited the Superintendent from using photographs and identifying information that were unlawfully acquired.

*Id.* at 37. This court further held:

> We agree that the circuit court abused its discretion in extending the injunction to photographs and information the Superintendent acquired from non-SORA sources. The broad scope of relief impermissibly interfered with the Superintendent's lawful conduct and did nothing to protect the pre–1995 offenders from the negative consequences of the unconstitutional registration requirements.

*Id.* at 38.

During oral arguments, counsel for Mr. Keathley conceded that, pursuant to this court's decision in *Doe v. Phillips*, his first two points should be denied. The first point is identical in both cases. As to his second point, while Mr. Keathley argues the information could be obtained from public sources, it was not. Thus, it is also denied pursuant to *Doe v. Phillips*.[1]

Points I and II are denied.

## Point III

In his third point on appeal, Mr. Keathley continues to claim that the trial court erred in ordering the defendants to expunge Mr. Doe from all sex offender registries and to delete any personal information pertaining to Mr. Doe obtained as a result of his past registration as a sex offender. He argues that retention of the information Mr. Doe provided to the sex offender registries in files accessible only to law enforcement agencies is procedural and does not require Mr. Doe to take any new action or fulfill a new obligation.

During oral arguments, counsel for Mr. Keathley contended that this point was not governed by *Doe v. Phillips*. He claims information available only to other law enforcement agencies is different from the information addressed in the first two points. He argues it is of no harm to Mr. Doe because it will be available for only law enforcement purposes. He states it will assist in the investigation of future crimes. Mr. Keathley also asserts that the constitutional prohibition on retrospective laws does not apply to statutes dealing only with procedure or remedies. *Vaughan v. Taft Broad. Co.*, 708 S.W.2d 656, 660 (Mo. banc 1986).

Mr. Keathley's argument is unpersuasive. Under *Doe v. Blunt*, requiring Mr. Doe to register as a sex offender and provide the information at issue in this appeal was unlawful. In *Doe v. Phillips*, this court found that equity requires not having access to information that was obtained through an unconstitutional statuto-

---

1. As of the writing of this opinion, the time has not expired for *Doe v. Phillips* to be transferred to the Missouri Supreme Court. Should transfer occur and should the Mis- souri Supreme Court reach a differing conclusion, the holding of this opinion would change accordingly.

ry provision. The focus is on how the information was obtained; it is not on how the unlawfully obtained information will be used or accessed in the future. The scope of the circuit court's injunction was properly limited to information obtained from the unlawful registration.

Point III is denied.

### Conclusion

Pursuant to this court's decision in *Doe v. Phillips*, it is proper for a circuit court to issue an injunction prohibiting the use of information acquired through an unlawful registration process. That only certain persons will have access to the information does not impact the analysis. The judgment is affirmed.

All concur.