John DOE, Plaintiff–Respondent,

v.

Jack L. MERRITT and Darrell L. Moore, Defendants,

and

James F. Keathley, Defendant–Appellant.

No. SD 28882.

Missouri Court of Appeals, Southern District, Division Two.

July 3, 2008.

Rehearing Denied July 25, 2008.

Application for Transfer Denied Sept. 30, 2008.

Dennis Owens and Jonathan Sternberg of Kansas City, MO, for Respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Michael Pritchett, Asst. Atty. Gen. of Jefferson City, MO, for Appellant.

DON E. BURRELL, Judge.

John Doe ("Plaintiff") filed a petition seeking a declaratory judgment stating he was wrongfully required to register as a sexual offender and requesting injunctive relief against the Greene County Sheriff, the Prosecuting Attorney of Greene County, and James Keathley, the Superintendent of the Missouri State Highway Patrol ("the Superintendent") (collectively, "the defendants"). After the parties filed cross-motions for summary judgment, the trial court denied the defendants' motions and granted a summary judgment in favor of Plaintiff which declared he should not have been required to register as a sexual offender and which granted his request for injunctive relief by ordering the defen-

dants to remove Plaintiff from all sexual offender registries and expunge from their records any personal information relating to Plaintiff. The Superintendent [1] now appeals only that portion of the trial court's judgment which grants injunctive relief.

### Standard of Review

The Superintendent urges us to apply exclusively the *de novo* standard of review set forth in *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc.1993). While this is the standard we would normally apply in reviewing a trial court's decision to grant a motion for summary judgment, in this particular case, as previously noted, what the Superintendent challenges as error is the nature of the injunctive relief granted by the trial court.

If all parties agree there are no material facts in dispute and the court determines as a matter of law that injunctive relief is required, but the resulting appeal challenges the specific provisions of the injunction crafted by the trial court after it has balanced the various equities involved, we believe the correct standard of review is that used in any other court-tried case; we must affirm the trial court's determination of the appropriate equitable relief unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Coursen v. City of Sarcoxie*, 124 S.W.3d 492, 494 (Mo.App. S.D.2004). This standard gives effect to the long-standing principle that a trial court has broad discretion when fashioning injunctive relief so as to fit the particular circumstances and equities presented within a particular case. *Southern Star Central Gas Pipeline, Inc. v. Murray*, 190 S.W.3d 423, 432 (Mo.App. S.D.2006).

### Background

In 2003, Plaintiff pled guilty to possession of child pornography, a violation of section 573.037.[2] At the time of Plaintiff's guilty plea, the sexual offender registration requirements of sections 589.400 to 589.425 (popularly known as "Megan's Law") did not apply to convictions for possession of child pornography. Section 589.400. In 2004, section 589.400 was amended to include among those who must register "[a]ny person who, since July 1, 1979, has been or is hereafter convicted of, been found guilty of, or pled guilty or nolo contendere to ... possession of child pornography[.]" Section 589.400.1(2) RSMo Cum.Supp.2005.

Based on the 2004 amendment to section 589.400, Plaintiff was informed that he was required to register as a sexual offender, and he did so. In 2006, after Plaintiff had already registered, our Supreme Court held that the amendments to Megan's Law requiring persons to register based solely on pre-act criminal conduct violated Missouri's prohibition of laws retrospective in operation as set forth in Article I, section 13 of the Missouri Constitution. *Doe v. Phillips*, 194 S.W.3d 833, 852 (Mo. banc 2006) ("*Phillips I* "). In light of this ruling, Plaintiff filed this cause of action to request a judgment declaring that article I, section 13 of the Constitution of Missouri prohibited the Superintendent from requiring him to register as a sexual offender based on his prior conviction for possession of child pornography and an injunction requiring the defendants to remove Plaintiff's name from all sexual offender registries.

The trial court entered a summary judgment in favor of Plaintiff that declared he had no duty to register as a sexual offend-

---

1. The other defendants did not appeal.

2. Unless otherwise noted, all references to statutes are to RSMo (2000).

er, permanently relieved Plaintiff of any requirement to register, and ordered the defendants to expunge Plaintiff from all sexual offender registries and "delete any personal information pertaining to this Plaintiff John Doe related to the registration, including photographic images." The Superintendent admits that Plaintiff was wrongfully ordered to register as a sexual offender based on the holding in *Phillips I*, but appeals the injunctive relief granted by the trial court.

### Analysis

The Superintendent raises three points of alleged error. All three make essentially the same argument: that, because Plaintiff has already provided the information at issue (at the time he registered as a sexual offender), the Superintendent's retention of such information imposes no new duty upon Plaintiff and, therefore, no violation of the prohibition of laws retrospective in operation will occur if the Superintendent simply retains and continues to use that information.

In *Phillips I*, our Supreme Court found the portion of Megan's Law that created an affirmative duty to register based solely on pleas or convictions for conduct committed prior to the enactment of Megan's Law violated the Missouri Constitution's prohibition of laws retrospective in operation. 194 S.W.3d at 852. The *Phillips I* court stated that, under article I, section 13 of Missouri's constitution, "a new law may not 'impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions ... already past.'" *Id.* at 850 (quoting *Jerry–Russell Bliss v. Hazardous Waste*, 702 S.W.2d 77, 81 (Mo. banc 1985)). Because Megan's Law required the plaintiffs in *Phillips I* to register as sexual offenders as a result of convictions or pleas that occurred before the passage of Megan's Law, it violated

the prohibition of laws retrospective in operation. *Id.* at 852.

In *Doe v. Blunt*, 225 S.W.3d 421 (Mo. banc 2007), a plaintiff pleaded guilty to the public display of explicit sexual material in violation of section 573.060. *Id.* at 422. At the time the plaintiff entered his plea, he was not required under Megan's Law to register as a sexual offender for that offense. *Id.* Megan's Law was later amended to require registration of those convicted of the public display of explicit sexual material. *Id.* Our Supreme Court found that the amendment to Megan's Law imposed a new duty upon the plaintiff and, therefore, under *Phillips I*, the plaintiff had no obligation to register. *Id.*

Based on *Blunt* and *Phillips I*, it is clear that the trial court was correct in ruling that Plaintiff should not have been required to register as a sexual offender. While acknowledging that such a result is mandated under the holdings of *Blunt* and *Phillips I*, the Superintendent challenges the portion of the trial court's judgment that requires him to expunge Plaintiff from all sexual offender registries and immediately and permanently delete from his records "any personal information pertaining to this Plaintiff John Doe related to the registration, including photographic images." The Superintendent offers three reasons why he believes that portion of the trial court's judgment is not required by *Blunt* or *Phillips I* and should be reversed by this court.

■ Initially, the Superintendent argues that because Plaintiff has already supplied the registration information, no new duty is imposed on Plaintiff by the Superintendent's retention of the information. The Superintendent recently presented this same argument to the Western District of this court in *Doe v. Phillips*, 259 S.W.3d 34, 37 (Mo.App. W.D.2008) ("*Phillips II*").

After our Supreme Court reversed and remanded the case in *Phillips I*, the plaintiffs moved for an order prohibiting the Superintendent from using photographs he had obtained as a result of the plaintiffs' earlier registration. *Id.* at 36. The trial court entered a permanent injunction that prohibited the Superintendent from publishing or disseminating the photographs. *Id.* On appeal, the Superintendent argued that the trial court had erred in issuing the injunction because the continued publication and dissemination of the photographs did not violate the Missouri Constitution's ban of laws retrospective in operation. *Id.* at 37. The *Phillips II* court held that "[t]he Superintendent's argument misse[d] the point of the injunctive relief granted" in that the trial court had not entered the injunction on the basis of a direct constitutional violation, but because the photos were the fruit of an unconstitutional statutory provision. *Id.* In finding that the trial court had reasonably exercised its equitable powers by restricting the use of the photos so obtained, the *Phillips II* court stated that:

[t]he basis of equity "is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice." In granting equitable relief, the court should do "complete justice by enjoining the whole of the unlawful proceeding." Here the circuit court recognized that eliminating the registration requirement only partially resolved an injustice for pre–1995 offenders. To ensure complete justice, equity required eliminating access to information obtained during the unconstitutional registration process. The injunction was proper to the extent that it prohibited

the Superintendent from using photographs and identifying information that were unlawfully acquired. *Id.* (internal citations omitted).

■ We agree with the reasoning of *Phillips II*—the trial court did not grant Plaintiff injunctive relief on the basis of a direct constitutional violation—it simply ensured complete justice by properly exercising its powers of equity to order the Superintendent to delete personal information obtained as a result of Plaintiff's wrongfully required registration. "Equity will intervene to prevent a gross injustice." *Jones v. Linder,* 247 S.W.2d 817, 819 (Mo. 1952). Additionally, equity is reluctant to allow a wrong to be suffered without a remedy. *Willman v. Beheler,* 499 S.W.2d 770, 778 (Mo.1973) (abrogated on other grounds by *State ex rel. Leonardi v. Sherry,* 137 S.W.3d 462 (Mo. banc 2004)).

Plaintiff was unconstitutionally required to register as a sexual offender. As a result of that unlawfully coerced [3] registration process, the Superintendent obtained the information at issue in this case. If the Superintendent is allowed to continue to maintain, use, and publish the information obtained as a result of Plaintiff's wrongful registration, Plaintiff will have suffered a wrong and been left without a remedy. Therefore, the trial court acted properly in ordering the Superintendent to delete any personal information pertaining to Plaintiff that was obtained as a result of Plaintiff's unlawful registration.

Similarly, the Superintendent argues that the retention of the information for law enforcement use only does not violate the Missouri Constitution's prohibition of laws retrospective in operation because the retention would constitute a mere proce-

---

**3.** In making this finding, we do not mean to imply any bad faith on behalf of the Superintendent or the other defendants in this case. These law enforcement officials were simply following the law as set forth in the statute at issue; they cannot be faulted "retrospective in operation" for actions later declared to be improper.

dural or remedial matter only. For the same reasons already discussed, we find that the Superintendent's argument does not address the issue before the court. The question, we believe, is not whether or not the continued retention of the information violates the prohibition on laws retrospective in operation[,] but, instead, whether the trial court's order was an acceptable use of its equitable power to fashion an appropriate remedy for the wrongful acquisition of the information.

Finally, the Superintendent claims that the trial court's order is overbroad in that it requires the Superintendent to expunge Plaintiff's name from all sexual offender registries. The Superintendent reasons that because Plaintiff's name and offenses are openly available from sources other than the Plaintiff himself, the Superintendent should be permitted to maintain the inclusion of Plaintiff's name and offenses in publicly available sexual offender registries.

In *Phillips I*, our Supreme Court rejected the argument that publication of true information about the plaintiffs' convictions would violate our Constitution's ban of laws retrospective in operation. 194 S.W.3d at 852. A similar issue was raised in *Phillips II* as the trial court's order prohibited the Superintendent from using information about the plaintiffs that was obtained from sources other than their registrations. 259 S.W.3d at 36. On appeal, the Superintendent argued that the order was overbroad because it prohibited the use and dissemination of information and photographs obtained from sources other than those registrations. *Id.* at 37.

The Western District interpreted *Phillips I* as "recogniz[ing] that [the Superintendent] should not be precluded from using all information in [his] possession concerning the plaintiffs, particularly when such material was otherwise available in the public sector." *Id.* As such,

the *Phillips II* court found that the trial court had abused its discretion by extending injunctive relief that would require the purging of information acquired from sources other than the plaintiffs' registrations. *Id.* at 38.

In the case at bar, the trial court's order does not reach the issue raised by the Superintendent. Properly construed, the order does not require the purging of information acquired from sources other than Plaintiff's registration. As such, the interesting question of whether the Superintendent may include Plaintiff on his sexual offender registry based solely on information obtained from public sources is not squarely before the court in the instant case.

The trial court's order does, however, require the Superintendent to "permanently" expunge Plaintiff from "all Sex Offender Registries." The portion of the trial court's judgment in which relief is granted reads as follows:

> IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is granted. The defendants' respective Motions for Summary Judgment are denied.
>
> The Court orders that this Plaintiff John Doe immediately and permanently is relieved of any requirement to register. The defendants are ordered immediately and permanently to expunge this Plaintiff John Doe from all Sex Offender Registries. Because the Court holds that there was, and is, no duty for this Plaintiff to register, the defendants also are ordered immediately and permanently to delete from their records any personal information pertaining to this Plaintiff John Doe related to the registration, including photographic images.

The Missouri State Highway Patrol is required to maintain an internet site listing registered sexual offenders. Section

43.650 RSMo Cum.Supp.2007. That section states that

> [t]he registered sexual offender search shall make it possible for any person using the Internet to search for and find the information ... on offenders *registered in this state pursuant to sections 589.400 to 589.425*, RSMo, except that only persons who have been convicted of, found guilty of or plead guilty to committing or attempting to commit sexual offenses shall be included on this web site.[4]

*Id.* (emphasis added).

Per the holdings of *Phillips I* and *Blunt,* Plaintiff should not have been required to register as a sexual offender pursuant to sections 589.400 to 589.425. The only portion of Chapter 43 relating to a sexual offender registry is section 43.650 which mandates that the Highway Patrol maintain a web page open to the public that includes "a registered sexual offender search capability." Section 43.650.1 RSMo Cum.Supp.2007. Because Plaintiff was not a registered sexual offender pursuant to sections 589.400 to 589.425, the trial court did not err in ordering the Superintendent to purge Plaintiff's name from the Superintendent's Chapter 589 sexual offender registry.

This court does, however, find error in the trial court's order to "permanently" expunge Plaintiff from "all Sex Offender Registries" and "permanently" relieving Plaintiff of any requirement to register. Should Plaintiff ever be convicted of committing any of the offenses that now require registration under Megan's Law, and thereby make himself eligible for listing under Section 43.650 RSMo Cum.

Supp.2007, Plaintiff would be required to register and the Superintendent would then be required to list Plaintiff on his registry and should not be prevented from doing so based on any equitable bar related to Plaintiff's initial wrongful registration. Therefore, we reverse that portion of the trial court's order which requires that Plaintiff *permanently* be relieved of any requirement to register and *permanently* be expunged from the Superintendent's sexual offender registry. This matter is remanded to the trial court with the direction that it enter an amended judgment that: 1) prevents the Superintendent from using or publishing any of the information or materials he acquired as a result of Plaintiff's registration; 2) prevents the Superintendent from including Plaintiff in his Chapter 589 sexual offender registry as a result of any offenses that did not require registration under the version of Megan's Law in effect at the time they were committed; 3) relieves Plaintiff of any requirement to register as a result of his 2003 conviction; and 4) excludes any provision requiring a *permanent* exclusion of Plaintiff from the Superintendent's sexual offender registry or ordering that Plaintiff be *permanently* relieved of any requirement to register. In all other respects, the judgment of the trial court is affirmed.

LYNCH, C.J., and BARNEY, P.J., Concurs.

---

4. The language "except that only persons who have been convicted of, found guilty of or plead guilty to committing or attempting to commit sexual offenses shall be included on this web site" is best understood by referencing the offenses listed within Megan's Law. Among them are several that are not sexual offenses, e.g., kidnapping when the victim is a child and the perpetrator is not a parent or guardian of the child. *See* Section 589.400.1(2).