# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1104

_____

|  |  |  |
|---|---|---|
| Eric Bacon, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Tom Neer, St. Charles County | * | Eastern District of Missouri. |
| Sheriff; James Keathley, Colonel, | * | |
| Superintendent Missouri State | * | |
| Highway Patrol, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: September 20, 2010
Filed: February 1, 2011

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

This is an interlocutory appeal from the denial of a preliminary injunction. Eric Bacon pleaded guilty to possession of child pornography in 2004, before the Missouri Sex Offender Registration Act ("SORA") was amended to require registration for that offense. See Mo. Rev. Stat. § 589.400.1(2). In 2007, the Supreme Court of Missouri held that requiring a sex offender to register under SORA on account of a crime that predated the statutory requirement violates the prohibition against a law "retrospective in its operation" in Article I, § 13 of the Missouri Constitution. Doe v. Blunt, 225

S.W.3d 421, 422 (Mo. banc 2007). Therefore, for purposes of this appeal, it is undisputed that Bacon, a Missouri resident, has no duty to register under § 589.400.1(2).

In 2006, Congress enacted the Sex Offender Registration and Notification Act ("SORNA"), which provides that "a sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides." 42 U.S.C. § 16913(a). It is undisputed that Bacon is a "sex offender" under SORNA. See 42 U.S.C. §§ 16911(1), (5)(A)(ii), 16911(7)(G). Unlike SORA as construed in Blunt, SORNA's registration requirements apply to persons whose predicate offenses predate its enactment. See 42 U.S.C. § 16913(d); 28 C.F.R. § 72.3; United States v. May, 535 F.3d 912, 918-19 (8th Cir. 2008), cert. denied 129 S. Ct. 2431 (2009).[1]

SORA also requires registration in Missouri by any person who is "required to register under . . . federal . . . law." Mo. Rev. Stat. § 589.400.1(7), .2. Failure to comply with this requirement is a class D felony. § 589.425.1. In 2009, the Supreme Court of Missouri held that sex offenders who are required to register under § 589.400.1(7) because of the "independent registration requirement under SORNA" are *not* "exempt from registration by virtue of article I, section 13 of the Missouri Constitution." Doe v. Keathley, 290 S.W.3d 719, 720-21 (Mo. banc 2009). Following this decision, the St. Charles County Sheriff's Department informed Bacon that he was required to register under SORA or face criminal prosecution.

Bacon then commenced this action against St. Charles County Sheriff Tom Neer and Colonel James Keathley, Superintendent of the Missouri State Highway Patrol. The complaint sought a preliminary injunction enjoining defendants from

---

[1]The Ex Post Facto Clause of the United States Constitution does not apply to civil procedures, such as sex offender registration, unless they are sufficiently "punitive either in purpose or effect." Smith v. Doe, 538 U.S. 84, 92 (2003) (quotation omitted).

requiring Bacon to register under SORA and from "instituting criminal prosecution" against him for failing to register. After issuing a temporary restraining order, the district court[2] promptly held a preliminary injunction hearing. The parties disclosed that Bacon had been charged with failure to register in state court the day after this action was filed, and that the prosecutor had stayed the state criminal proceeding pending the district court's preliminary injunction ruling. The district court denied the requested injunction, concluding that Bacon's claim against Colonel Keathley is barred by the Eleventh Amendment, and that Bacon failed to establish either a threat of irreparable harm or a likelihood of success on the merits of his claims against Sheriff Neer. This interlocutory appeal followed.

We were advised at oral argument that Bacon has now registered as a sex offender under SORA, and the State has dropped its criminal charges against him. We therefore dismiss the interlocutory appeal as moot. For additional reasons, we remand with directions to dismiss the complaint.

## I. The Preliminary Injunction Appeal Is Moot

An order denying a preliminary injunction is immediately appealable. 28 U.S.C. § 1292(a)(1). However, the appeal of an order denying a preliminary injunction becomes moot if the act sought to be enjoined has occurred. See CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 620-21 (1st Cir. 1995); Curtis Indus., Inc. v. Livingston, 30 F.3d 96, 97 (8th Cir. 1994). As mootness relates to justiciability and our power to hear a case, "we must consider it even though the parties have not raised it." Olin Water Servs. v. Midland Research Labs., Inc., 774 F.2d 303, 306 n.3 (8th Cir. 1985). Based upon St. Charles County and Missouri State Highway Patrol sex-offender public records, we take judicial notice that Bacon has

---

[2] The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

registered.  See Fed. R. Evid. 201(b), (c), & (f).  Therefore, the act Bacon sought to enjoin (registration) has occurred, and his appeal from the denial of preliminary injunctive relief is moot.

## II. The Merits of the Claims for Further Relief

Though Bacon's claims for preliminary injunctive relief are moot, the entire case may not be moot if "a favorable decision . . . would make it sufficiently likely that [Bacon] could remove his name and identifying information from the [Missouri] sex offender registry."  United States v. Juvenile Male, 130 S. Ct. 2518, 2519 (2010) (quotation omitted).  Though we typically remand to the district court to consider such issues, we may reach the merits of Bacon's claims for further relief.  See 28 U.S.C. § 2106; Campaign For Family Farms v. Glickman, 200 F.3d 1180, 1186 (8th Cir. 2000).  We exercise this power if the issues are purely legal, there are no factual disputes, the relevant analysis is substantially related to that preliminarily conducted by the district court, and rendering a final decision can save significant litigation expenses.  Id. at 1186-87.  This inquiry requires a closer look at Bacon's claims.

In support of the relief requested -- a declaratory judgment that SORNA is unconstitutional and a permanent injunction -- Bacon alleged that "the only way [he] can be required to register under Missouri law is through the provisions of SORNA," and that SORNA violates the Commerce Clause, the Ex Post Facto Clause, the Tenth Amendment, and his fundamental right to travel under the United States Constitution, as well as the federal Administrative Procedure Act.  We have consistently rejected challenges to SORNA under the Ex Post Facto Clause, the Tenth Amendment, and the

APA.[3] The right-to-travel contention has been rejected by two of our sister circuits[4] and is without merit on the facts of this case because Bacon is free to travel if he registers. Thus, we will discuss only his novel Commerce Clause allegations.

In <u>May</u>, we held that the federal criminal offense in 18 U.S.C. § 2250(a)(2)(B), part of SORNA, does not violate the Commerce Clause because the offense requires proof of travel in interstate commerce followed by a defendant's knowing failure to register. 535 F.3d at 921-22. In <u>United States v. Howell</u>, 552 F.3d 709 (8th Cir.), <u>cert. denied</u>, 129 S. Ct. 2812 (2009), we addressed a different Commerce Clause contention, that the § 2250 convictions at issue were invalid because SORNA's registration requirement, 42 U.S.C. § 16913(a), regulates purely non-economic, intrastate activity and therefore is beyond Congress's Commerce Clause power. We rejected the contention. While expressing doubt that § 16913(a) could be upheld under the Commerce Clause, we concluded that the statute was valid under the Necessary and Proper Clause, Art. I, § 8, cl. 18, because "the registration of wholly intrastate sex offenders is merely incidental to Congress's tracking of sex offenders in interstate commerce." <u>Id.</u> at 717.

In this case, applying these cases and district court decisions (mostly overruled) from other circuits, Bacon constructs the following Commerce Clause argument: (i) As he has not traveled in interstate commerce and is not being prosecuted under 18 U.S.C. § 2250, neither the Commerce Clause nor the Necessary and Proper Clause makes the federal sex-offender registration requirement in § 16913(a) constitutional as applied to him. (ii) Admittedly, § 16913(a) is valid as an exercise of Congress's

---

[3]<u>See, e.g.</u>, <u>May</u>, 535 F.3d at 918-21 (Ex Post Facto Clause and APA); <u>United States v. Waddle</u>, 612 F.3d 1027, 1029 (8th Cir. 2010) (<u>May</u> is consistent with <u>Carr v. United States</u>, 130 S. Ct. 2229 (2010)); <u>United States v. Hacker</u>, 565 F.3d 522, 525-27 (8th Cir.) (Tenth Amendment), <u>cert. denied</u>, 130 S. Ct. 302 (2009).

[4]<u>United States v. Shenandoah</u>, 595 F.3d 151, 162-63 (3d Cir.), <u>cert. denied</u>, 130 S. Ct. 3433 (2010); <u>United States v. Ambert</u>, 561 F.3d 1202, 1209-10 (11th Cir. 2009).

power under the Spending Clause, Art. I, § 8, cl. 1.  But as such, it does not impose an affirmative obligation to register; it merely conditions federal funding on Missouri imposing that requirement.  (iii) The Supreme Court of Missouri in <u>Keathley</u> misconstrued the constitutional basis for § 16913 as permitting an "independent" federal registration requirement.  (iv) Therefore, Article I, § 13 of the Missouri Constitution as construed in <u>Blunt</u> bars defendants from requiring Bacon to register under SORA and from prosecuting him for failure to do so.

Though creative, we conclude that, for several reasons, this theory fails to state a claim upon which relief may be granted *by a federal court*.  First, Bacon asks a federal court to enjoin an anticipated state criminal prosecution.  The traditional rule was that courts of equity "could not enjoin criminal proceedings." <u>In re Sawyer</u>, 124 U.S. 200, 210 (1888).  Though that absolute prohibition has been loosened, "in the past few decades, the Supreme Court has upheld federal injunctions to restrain state criminal proceedings only where the threatened prosecution chilled exercise of First Amendment rights." <u>Deaver v. Seymour</u>, 822 F.2d 66, 69 (D.C. Cir. 1987) (citations omitted); <u>see</u> <u>Stolt-Nielsen, S.A. v. United States</u>, 442 F.3d 177, 183 (3d Cir. 2006).  There is no First Amendment claim in this case.  The district court's preliminary injunction ruling was consistent with a long-standing principle -- "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution [are] not by themselves . . . considered irreparable in the special legal sense of that term." <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971).  Indeed, had St. Charles County officials filed criminal charges before "proceedings of substance" took place in this action, the district court likely would have been required to abstain altogether.  <u>See</u> <u>Hicks v. Miranda</u>, 422 U.S. 332, 349-50 (1975).

Second, in addition to injunctive relief, Bacon seeks a declaratory judgment reflecting his construction of 42 U.S.C. § 16913(a).  In general, "federal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute."

-6-

Steffel v. Thompson, 415 U.S. 452, 475 (1974).  However, Bacon does not allege injury from a violation or threatened violation of a federal statutory or constitutional right, as in Steffel.  Rather, he concedes that 42 U.S.C. § 16913(a) is valid as an exercise of Congress's power under the Spending Clause and alleges that the Supreme Court of Missouri's misinterpretation of this federal statute in Keathley denied him a right under the *Missouri* Constitution.  In other words, he asks a federal court to interpret a federal statute in a manner that will provide him with a *defense* against an anticipated state prosecution.  The Declaratory Judgment Act is procedural; it does not expand federal court jurisdiction. Federal-question jurisdiction may not be created by a declaratory-judgment plaintiff's "artful pleading [that] anticipates a defense based on federal law."  Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 673 (1950); see Gully v. First Nat'l Bank, 299 U.S. 109, 115 (1936).  Thus, the district court lacks subject matter jurisdiction over the declaratory judgment Commerce Clause claim under 28 U.S.C. § 1331.  See  Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

Third, Bacon's alleged injury is not redressable in federal court and therefore does not satisfy an element of Article III standing.  See generally Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  The alleged injury is having to register or to face prosecution under state law for failing to do so.  Even if a federal court agreed with Bacon's interpretation of § 16913, it would have no jurisdiction to enjoin defendants from enforcing SORA as construed in Keathley by the Supreme Court of Missouri.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (a federal court may not "instruct[] state officials on how to conform their conduct to state law"); Clark v. Coye, 60 F.3d 600, 603-04 (9th Cir. 1995).  And if the federal court limited its ruling to a declaration that the Supreme Court of Missouri misinterpreted § 16913 in applying state law in Keathley, that would not redress the *holding* in Keathley that sex offenders required to register under § 589.400.1(7) of SORA are not "exempt from registration by virtue of article I, section 13 of the

Missouri Constitution." Of course, the Supreme Court of Missouri could then decide to revisit its decision in <u>Keathley</u>. But if it did, even if it accepted a lower federal court's contrary interpretation of § 16913, we have no reason to believe that the state Court would abandon its decision in <u>Keathley</u> that Article I, § 13 does not apply to sex offenders who must register under § 589.400.1(7). After all, that decision was entirely *consistent* with federal law as reflected in SORNA. In these circumstances, Bacon cannot show "a substantial likelihood that the [declaratory] relief requested will redress the injury claimed." <u>Duke Power Co. v. Carolina Envtl. Study Group, Inc.</u>, 438 U.S. 59, 75 n.20 (1978) (quotation & citations omitted).

For the foregoing reasons, we dismiss as moot the appeal from the order denying a preliminary injunction and remand to the district court with directions to dismiss the complaint with prejudice.

_____